[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10741
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 11, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00055-CR-FTM-99-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES JONAS GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 11, 2007)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Charles Jonas Green appeals his convictions and concurrent 97-month sentences, imposed after he pled guilty to possessing (Count One) and receiving (Count Two) materials involving a depiction of a minor engaged in sexually

explicit activity, violations of 18 U.S.C. § 2252 (a)(2), (a)(4)(B), (b)(1) and (b)(2).

On appeal, Green argues that his plea was invalid because the district court failed to establish at the plea colloquy that actual minors were depicted in the images, that Green understood that he could not appeal the denial of his motion to suppress, and that Green actually committed the offenses. He also contends that the district court violated his Eighth Amendment right against cruel and unusual punishment when it sentenced him at the low-end of the applicable Guidelines range. After careful review, we affirm.[1]

---

[1] Because Green entered an unconditional guilty plea, which we conclude below was knowing and voluntary, he waived all nonjurisdictional defects, including his various constitutional challenges to the application of 18 U.S.C. § 2252(a), which criminalizes the intrastate possession and receipt of child pornography. See United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003). In order to preserve a nonjurisdictional challenge, a defendant must, with the consent of the court and the government, enter a conditional plea under Fed. R. Crim. P. 11 which reserves, in writing, the right to have an appellate court review an adverse determination of a specified pretrial motion. Fed. R. Crim. P. 11(a)(2). The district court expressly advised Green on the effect of an unconditional plea, by virtue of the court's denial of Green's motion to file a conditional guilty plea pursuant to Rule 11, and the magistrate judge's statement, at the plea colloquy, that Green was waiving the right to appeal the adjudication of his guilt. Because Green's constitutional arguments do not challenge any jurisdictional defect in the proceedings, Green has waived the right to raise these issues on appeal, and we cannot consider them. Patti, 337 F.3d at 1320. To the extent Green characterizes his Commerce Clause challenge to the application of § 2252(a) to his case, the claim is squarely foreclosed by our prior precedent concerning Congress's Commerce Clause power to regulate the internet. See United States v. Ballinger, 395 F.3d 1218, 1225 (11th Cir.) (en banc) ("Plainly, congressional power to regulate the channels and instrumentalities of commerce includes the power to prohibit their use for harmful purposes, even if the targeted harm itself occurs outside the flow of commerce and is purely local in nature."), cert. denied, 126 S. Ct. 368 (2005); United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004)("Congress clearly has the power to regulate the internet, as it does other instrumentalities and channels of interstate commerce, and to prohibit its use for harmful or immoral purposes regardless of whether those purposes would have a primarily intrastate impact."), cert. denied, 125 S. Ct. 2951 (2005); see also United States v. Maxwell, 446 F.3d 1210, 1217-18 (11th Cir. 2006) (emphasis added) (holding "it is within Congress's authority to regulate all intrastate possession of child pornography, not just that which

The relevant facts are straightforward. On April 12, 2006, Green was indicted on one count of possession (Count One) and one count of receipt (Count Two) of one or more matter(s) containing a visual depiction of a minor engaged in sexually explicit conduct that had been transported in interstate and foreign commerce, in violation of 18 U.S.C. § 2252(a)(4)(B) and (a)(2), respectively. He filed a motion to suppress allegedly involuntary statements made during a post-arrest interview at the Collier County Sheriff's Office. After an evidentiary hearing, the district court denied the motion. Green then requested that the district court allow him to enter a conditional guilty plea under Fed. R. Crim. P. 11(a)(2), reserving the right to appeal the denial of his suppression motion. The district court denied this motion. Both parties subsequently consented to having Green enter a guilty plea before a magistrate judge.

At the plea colloquy, the magistrate judge first confirmed that Green was competent, was acting knowingly and voluntarily, and was pleading guilty because he was in fact guilty. After informing Green of the statutory maximum penalties, the role of the Sentencing Guidelines, and his rights as a criminal defendant, the magistrate judge told Green that if he pled guilty, he would give up his right to appeal from the adjudication of guilt. The magistrate judge then recited the

has traveled in interstate commerce or has been produced using materials that have traveled in interstate commerce";applying Gonzalez v. Raich, 545 U.S. 1 (2005)).

3

elements of both counts in the indictment, and Green responded that he understood those elements. With respect to Count One, the magistrate confirmed that Green actually possessed the images by downloading them through the internet, that they showed a minor engaging in sexually explicit conduct, that Green knew the production of those images used a minor engaging in sexually explicit conduct, and that they were produced using materials that had been transported in interstate and foreign commerce. With respect to Count Two, the magistrate judge confirmed that Green knowingly downloaded images containing a minor engaged in sexually explicit conduct, that Green believed the images did in fact depict actual minors, and that Green knew at least one of the performers in the depiction was a minor engaged in sexually explicit conduct. The magistrate judge found that the foregoing facts established a sufficient basis to accept the guilty plea, and accepted Green's guilty plea. Green then proceeded to sentencing.

The pre-sentence investigation report ("PSI") stated that Green received visual depictions involving a minor engaged in sexually explicit conduct through the use of his computer on March 18, 2005. In February 2006, Green's spouse brought the computer to a computer store for repair, and during the repair, the technician discovered videos and images of children engaged in sexually explicit conduct. The technician alerted the authorities, and they confirmed that Green was

4

using an online peer-to-peer file sharing program and that his hard drive contained over 150 child pornography files labeled with sexually explicit titles. The hard drive also contained a "keeper file" containing 30 child pornography sub-files. Law enforcement further confirmed that Green had received one such file on March 18, 2005, and moved that file into the "keeper file." The technician placed a new hard drive in the computer and Green's spouse retrieved it.

Approximately two weeks later, the authorities executed a search warrant and seized the computer, its new hard drive, and CDs. They also discovered a hard drive located in a truck registered to Green and his spouse. The new hard drive installed by the technician contained over 20 child pornography files. A CD located on the computer desk contained over 100 child pornography images, dating back to 2002. The hard drive found in the truck contained in excess of 100 child pornography files dating back to 2004, primarily videos depicting infants engaged in sexually explicit conduct. During a post-arrest interview, Green admitted to downloading child pornography using the file-sharing program. The PSI further revealed that Green had worked as a law enforcement officer since the age of 19 and, at the time of his arrest, was serving as a deputy.

The probation officer calculated Green's Guidelines range as follows. Green's base offense level was 22, pursuant to U.S.S.G. § 2G2.2(a)(2). The PSI

recommended a 2-level reduction, pursuant to § 2G2.2(b)(1), because Green did not intend to traffic the child-pornographic materials; a 2-level enhancement, pursuant to § 2G2.2(b)(2), due to the involvement of prepubescent minors; a 4-level enhancement, pursuant to § 2G2.2(b)(4), for sadistic or masochistic conduct; a 2-level enhancement, pursuant to § 2G2.2(b)(6), for the use of a computer; and a 5-level enhancement, pursuant to § 2G2.2(b)(7)(D), because the offense involved over 600 images. The PSI also recommended a 3-level reduction for acceptance of responsibility. With an adjusted offense level of 30 and a criminal history category I, Green faced a Guidelines range of 97-121 months' imprisonment. The statutory maximum for Count One was 10 years' imprisonment and the statutory maximum for Count Two was 20 years' imprisonment. On Count Two, Green also faced a 5-year mandatory minimum. See 18 U.S.C. § 2252(b)(1).

Over Green's objections, the district court adopted the PSI's factual statements and Guidelines recommendations. Before the court imposed sentence, it heard the statements of several of Green's family members, who generally described Green as a good man despite this mistake. The family members, and Green's counsel, urged the district court to impose a lenient sentence in light of Green's many years serving the public as a law enforcement officer. Green then

personally addressed the court, apologized for his actions, which he maintained were accidental, and told a story about how, as a law enforcement officer, he had prevented a young boy from being sent back to an abusive household.

The government requested the district court to impose a sentence within the Guidelines range, emphasizing that, from 2002 to 2006, Green knowingly and continuously downloaded and kept hundreds of images of child pornography that were found on three hard drives and a CD. The government also noted that, within less than a month after Green received a new hard drive, there were 20 more images on that hard drive. Counsel for Green requested that the court impose the statutory minimum, emphasizing Green's long career as a law enforcement officer, his lack of criminal history, and the nature of his conduct, which posed no harm to the community.

The district court stated that it had considered the factors set forth in the "statute," including that Green's career as a law enforcement officer was both an aggravating and mitigating factor and that Green's conduct went beyond mere accidental use. The court then imposed a low-end Guidelines sentence of 97 months' imprisonment, based primarily on Green's lack of criminal history and career as a law enforcement officer. Before convening the sentencing hearing, the district court asked the parties whether there were any objections to the sentence

imposed. Green's counsel stated that he had no objections other than those previously stated. This appeal followed.

First, Green argues that his guilty plea was invalid because the district court failed to establish at the plea colloquy that actual minors were depicted in the images, that Green understood that he could not appeal the denial of his motion to suppress, and that Green actually committed the offenses. Because Green did not object to the sufficiency of the plea colloquy in the district court, we review his arguments for plain error. United States v. Vonn, 535 U.S.55, 59 (2002); United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003). Under plain-error review, the defendant has the burden to show that there is an: (1) error; (2) that is plain; (3) that affects substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If these three elements are met, we may exercise our discretion to correct the error (4) if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks and alteration omitted).

Rule 11 requires a district court "to conduct a searching inquiry into the voluntariness of a defendant's guilty plea." United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996). The district court must address the "three core objectives" of Rule 11 to ensure that: (1) a guilty plea is not the product of coercion, (2) the defendant understands the nature of the charges, and (3) the defendant understands

the consequences of pleading guilty. United States v. Camacho, 233 F.3d 1308, 1314 (11th Cir. 2000). However, there is no mechanical rule to apply in determining whether the district court adequately informed the defendant of the nature of the charges against him. Id. Rather, the inquiry is case-specific and depends on the complexity of the charges and "the defendant's sophistication and intelligence." Id. (citations omitted). "[A] defendant who seeks reversal of his conviction after a guilty plea on the ground that the district court committed plain error under Rule 11 must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

Green's first basis for challenging his guilty plea -- that the district court did not establish that the images he possessed depicted actual minors -- is without merit. At the plea colloquy, the magistrate judge specifically established that Green believed and knew that the images he downloaded were of minors engaging in sexually explicit depicted conduct. At the plea colloquy, as to Count One, the magistrate judge asked Green about whether the images depicted minors: "You knew that [the images Green previously admitted he had downloaded] contained or showed a minor engaging in sexually explicit conduct?" Green responded

9

affirmatively.  The magistrate judge and Green also engaged in this colloquy about

Count Two:

> GREEN:    Well, that's around March 18th, and I'm assuming that's when I downloaded a picture that was sexually explicit involving a minor.
>
> . . . .
>
> JUDGE:    You knowingly received this depiction.
>
> GREEN:    That is correct, sir.
>
> JUDGE:    By computer?
>
> GREEN:    Yes, sir.
>
> JUDGE:    The production of the depiction involved the use of a minor engaging in sexually explicit conduct?
>
> GREEN:    That's correct, sir.
>
> JUDGE:    And you believe that it is, in fact, a minor engaged in sexually explicit conduct?
>
> GREEN:    That is correct, sir.
>
> JUDGE:    And you knew that at least one of the performers was a minor?
>
> GREEN:    That is correct, sir.

On this record, Green has established no error, let alone plain error, under Rule 11

based on whether the images were actual minors.

We likewise are unpersuaded by Green's suggestion that the district court failed to inform him that the denial of his motion to suppress would not be appealable. At the plea colloquy, the magistrate judge told Green that, by pleading guilty, he was giving up the right to appeal his adjudication of guilt. Moreover, the district court denied Green's motion to enter a conditional plea, in order to preserve his ability to appeal the denial of the motion to suppress. Thus, we find it was clear that by virtue of pleading guilty, Green was waiving his ability to challenge the decision on his suppression motion.

From our careful review of the entire record, with particular attention to the plea colloquy, we also reject Green's assertion that the district court failed to establish that he committed the acts charged in the indictment. At the plea colloquy, the magistrate judge carefully reviewed each element of the two crimes to which Green was pleading guilty. The magistrate judge asked Green if he committed the underlying acts constituting each element of each offense. In short, the court confirmed that Green was entering a knowing and voluntary plea, ensured that Green was pleading guilty because he was in fact guilty, recited the elements of both counts, and, after requiring Green to explain his underlying conduct, confirmed that there was a sufficient factual basis for the charges. Green has shown no plain error on this basis.

Finally, Green argues that his sentence violated the Eighth Amendment. Because Green did not raise this issue before the district court, we review it for plain error. United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005). "The Eighth Amendment, which forbids cruel and unusual punishments, contains a narrow proportionality principle that applies to noncapital sentences." Ewing v. California, 538 U.S. 11, 20 (2003) (quotations omitted). Outside the context of capital punishment, the Supreme Court has made clear that successful challenges to the proportionality of sentences are exceedingly rare. Raad, 406 F.3d at 1323. We have held that, "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." United States v. Moriarty, 429 F.3d 1012, 1024 (11th Cir. 2005) (quotation omitted); accord United States v. Johnson, 451 F.3d 1239, 1243-44 (11th Cir.), cert denied, 127 S. Ct. 462 (2006).

In the instant case, the district court sentenced Green to 97 months' imprisonment -- a term that fell both at the lowest of the applicable Guidelines range and well below the statutory maximums of 10 years' imprisonment for Count One and 20 years' imprisonment for Count Two. See 18 U.S.C. § 2252(b)(1), (2). Because the district court sentenced Green well-within the

12

statutory limits, his sentence is neither excessive nor cruel and unusual, and does not violate the Eighth Amendment.

**AFFIRMED.**