United States Court of Appeals,

Eleventh Circuit.

No. 95-2496.

UNITED STATES of America, Plaintiff-Appellee,

v.

Robert G. SIEGEL, a.k.a. Bobby the Beak, Defendant-Appellant.

Dec. 30, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 93-180-Cr-T-24C), Susan C. Buckler, Judge.

Before TJOFLAT and COX, Circuit Judges, and VINING[*], Senior District Judge.

VINING, Senior District Judge:

## I. *INTRODUCTION*

In this appeal, we review the validity of a guilty plea. The district court failed to advise the defendant of the maximum and mandatory penalties associated with several of the charged offenses. We REVERSE in part, VACATE, and REMAND for further proceedings consistent with this opinion.

## II. *FACTUAL AND PROCEDURAL BACKGROUND*

On June 30, 1993, Robert Siegel and others were indicted for robbing several jewelry stores across the United States. Specifically, the indictment charged Siegel with engaging in a pattern of racketeering activities, in violation of 18 U.S.C. § 1962(c) (Count One); conspiracy to engage in a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d) (Count Two); conspiracy to interfere with commerce by threats or

---

[*]Honorable Robert L. Vining, Jr., Senior U.S. District Judge for the Northern District of Georgia, sitting by designation.

violence-robbery, in violation of 18 U.S.C. § 1951(a) (Count Three); interference with commerce by threats of violence-robbery, in violation of 18 U.S.C. § 1951(a) (Counts Four through Six); and the use of firearms during and in relation to the commission of a federal crime of violence, in violation of 18 U.S.C. § 924(c) (Counts Seven through Nine).

Following jury selection for Siegel and his codefendants but prior to opening statements, Siegel decided to plead guilty to all nine counts of the indictment without a negotiated plea agreement. The district court relied upon the Assistant United States Attorney to advise Siegel of the penalties for each charged offense. At the direction of the district court, Siegel was informed by the government that he faced a maximum sentence of twenty years imprisonment on Counts One, Two, and Three. He was not told, however, of the maximum sentences that he faced on Counts Four, Five, and Six. As for Counts Seven, Eight, and Nine, Siegel was informed by the government that "the maximum sentence on those charges, the 924(c), the first one is five years consecutive to that imposed on the, uh, general sentence, and a two hundred and fifty thousand dollar fine; the second 924(c) is an additional 20 years consecutive to what is imposed on the main charge." R2-473-28.

Siegel was not informed by the district court or by the government at any time during the Rule 11 proceedings that these were not merely maximum sentences, but mandatory ones, nor was he told that the mandatory twenty-year sentence on Count Eight had to be served consecutively to the five years on Count Seven. In

addition, he was not informed that there was a twenty-year mandatory sentence on Count Nine to be served consecutively to all the other counts. Moreover, neither the court nor the government informed Siegel that by pleading guilty to Count Seven he increased the mandatory sentences on Counts Eight and Nine.

When questioned by the district court, Siegel replied that he understood the sentence. He stated, however, that he had not discussed with his counsel the applicable ranges under the Sentencing Guidelines or potential penalties for the offenses. Siegel noted that he did not wish to have the opportunity to discuss these matters with his attorney. Siegel's counsel indicated that he and Siegel had discussed maximum penalties but noted that any discussions concerning the Sentencing Guidelines had been entirely speculative.

Following his guilty plea, Siegel received a copy of the presentence investigation report, which recommended a sentence of 235-240 months imprisonment for Counts One through Six, plus a consecutive five-year term for Count Seven, a consecutive twenty-year term for Count Eight, and another consecutive twenty-year sentence for Count Nine. On March 9, 1995, Siegel filed a motion to withdraw his pleas of guilty as to all nine counts pursuant to Rule 32(e) of the Federal Rules of Criminal Procedure. In the motion and in the accompanying memorandum of law, Siegel contended that the motion should be granted as to Counts Four, Five, and Six because the district court failed to

advise him of the penalties associated with such offenses.[1]

Further, he asserted that it should be granted as to Counts Seven, Eight, and Nine because the district court failed to inform him that the penalties for these counts were mandatory in nature. On April 14, 1995, the district court conducted a hearing on Siegel's motion to withdraw. The court denied Siegel's motion except as to Count Nine. The government subsequently dismissed Count Nine.

The district court sentenced Siegel to concurrent terms of 240 months imprisonment on Counts One through Six, a consecutive term of sixty months imprisonment on Count Seven, and a consecutive term of 240 months imprisonment on Count Eight. This appeal followed.

### III. *THE ISSUE ON APPEAL AND STANDARD OF REVIEW*

Siegel challenges his convictions and sentence on one basis that we address.[2] Siegel argues that the district court violated

---

[1]The government contends that Siegel failed to raise the Rule 11(c)(1) issue in the district court as to Counts Four, Five, and Six. We find this argument to be without merit, since he did sufficiently raise it in his Rule 32(e) motion in the district court.

[2]In addition to the arguments that we address in this appeal, Siegel also contends that the district court abused its discretion in denying his motion to replace his appointed trial and appellate counsel who he alleges rendered ineffective assistance of counsel. To the extent that Siegel has raised an ineffective assistance of counsel claim in this appeal, we decline to address the merits of such a claim, as the record has not been sufficiently developed. *See United States v. Harvey*, 78 F.3d 501 (11th Cir.1996).

Siegel also challenges his sentence on the ground that the district court improperly considered one of his prior burglary convictions in calculating his criminal history category pursuant to the Sentencing Guidelines. Moreover, Siegel contends that the district court erred in computing loss under U.S.S.G. § 2B3.1 from a robbery, charged as one of several predicate RICO offenses in Count One of the indictment, by utilizing the stolen jewelry's retail value, as opposed to its wholesale replacement value. We need not

Rule 11(c)(1) by not informing him before he entered his pleas of guilty of the maximum penalties that he faced on Counts Four, Five, and Six, or the mandatory sentences that he faced on Counts Seven and Eight.  Because the district court's failure to abide by the dictates of Rule 11(c)(1) substantially affected his rights, he asserts that the court should have granted his motion to withdraw his guilty pleas pursuant to Rule 32(e).

Generally, the decision to permit the withdrawal of a guilty plea is committed to the sound discretion of the district court. *United States v. Buckles,* 843 F.2d 469, 471 (11th Cir.1988), *cert. denied,* 490 U.S. 1099, 109 S.Ct. 2450, 104 L.Ed.2d 1005 (1989). The court's denial of a motion to withdraw a guilty plea under Rule 32(e) is reversed only when it constitutes an abuse of discretion. *United States v. Medlock,* 12 F.3d 185, 187 (11th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct. 180, 130 L.Ed.2d 115 (1994).  An appellate court must review the record of the Rule 11 hearing as a whole and affirm the district court if the record provides a basis for the court's finding that the defendant understood what he was admitting and that what he was admitting constituted the crimes charged.  *United States v. Lopez,* 907 F.2d 1096, 1099 (11th Cir.1990).

IV. *LEGAL ANALYSIS*

Rule 11 provides in relevant part:

Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the

---

address these contentions, however, as we are vacating the sentences on Counts One through Three in light of our decision to reverse the district court's denial of Siegel's Rule 32 motion.

defendant of, and determine that the defendant understands ... the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law....

Fed.R.Crim.P. 11(c)(1).

Rule 11(c)(1) imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. *United States v. Stitzer,* 785 F.2d 1506, 1513 (11th Cir.), *cert. denied,* 479 U.S. 823, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986). Three core concerns underlie this rule: (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. *United States v. Hourihan,* 936 F.2d 508, 511 n. 4 (11th Cir.1991); *United States v. Bell,* 776 F.2d 965, 968 (11th Cir.1985), *cert. denied,* 477 U.S. 904, 106 S.Ct. 3272, 91 L.Ed.2d 563 (1986); *United States v. Dayton,* 604 F.2d 931, 935 (5th Cir.1979), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). If one of the core concerns is not satisfied, then the plea of guilty is invalid. *Stitzer,* 785 F.2d at 1513. Thus, "A court's failure to address any one of these three core concerns requires automatic reversal." *Id.;* Bell, 776 F.2d at 968 (citing *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)); *see also Buckles,* 843 F.2d at 473.

Any variances or deviations from the procedures mandated by Rule 11 which do not affect a defendant's substantial rights, however, constitute harmless error and should be disregarded. Fed.R.Crim.P. 11(h). On appeal the harmless error analysis is

conducted on the basis of the record of the Rule 11 hearing. *Hourihan,* 936 F.2d at 511; *see also* Fed.R.Crim.P. 11(h), Advisory Committee's Note.

While Rule 11(c) governs the validity of a plea of guilty, Rule 32(e) provides that a plea of guilty may be withdrawn if the defendant demonstrates that the interests of justice and fairness so require.[3] In determining if the defendant has met his burden, a district court must consider whether: (1) close assistance of counsel was available; (2) the plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced if the defendant were allowed to withdraw his plea. *Buckles,* 843 F.2d at 472. A district court's failure to advise a defendant, prior to the entry of his guilty plea, that such a plea will result in the imposition of a mandatory minimum sentence is a violation of Rule 11(c)(1), is not harmless error under Rule 11(h) and requires that the defendant be permitted to plead anew under Rule 32(e). *Hourihan,* 936 F.2d at 510-11; *see also United States v. Cobia,* 41 F.3d 1473 (11th Cir.1995) (before a defendant is sentenced he must be notified of mandatory minimum and maximum possible penalties pursuant to Rule 11(c)(1)); *United States v. Goins,* 51 F.3d 400 (4th Cir.1995) (district court's failure to inform defendant of mandatory minimum sentence prior to

---

[3]Fed.R.Crim.P. 32(e) provides:

> If a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason. At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

accepting guilty plea is reversible error, absent evidence from the Rule 11 proceeding that the defendant knew he was facing a mandatory minimum sentence); *United States v. Padilla,* 23 F.3d 1220 (7th Cir.1994) (same).

In this instance, the maximum penalties for the offenses charged in Counts Four, Five, and Six were twenty years. 18 U.S.C. § 1951(a).[4] Count Seven carries a five-year mandatory minimum sentence. 18 U.S.C. § 924(c)(1)[5] Congress has provided that this mandatory minimum sentence is to be served consecutively to the penalties imposed on the violations charged in Counts One through Six. *Id.* In addition, Count Eight carries a twenty-year mandatory minimum sentence. *Id.* It, too, must be served consecutively to all other sentences imposed by the court. *Id.*

It is undisputed that neither the district court nor the

---

[4]18 U.S.C. § 1951(a) provides in relevant part:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so ... shall be imprisoned not more than twenty years....

[5]18 U.S.C. 924(c)(1) provides in pertinent part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years.... In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years.... Notwithstanding any other provision of law, ... the term of imprisonment imposed under this subsection ... [shall not] ... run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

government informed Siegel during the Rule 11 proceedings of the twenty-year maximum sentences that he could receive on Counts Four, Five, and Six. Moreover, it is uncontroverted that neither the court nor the government advised Siegel that he would be required to serve a five-year mandatory minimum prison sentence if he pled guilty to the offenses charged in Count Seven. Further, it is undisputed that the district court failed to advise Siegel that if he pled guilty to Count Eight he would be required to serve a twenty-year mandatory minimum sentence, to be served consecutively to the sentences imposed on Counts One through Seven.

We hold that the district court's failure to personally inform Siegel of the maximum sentences associated with Counts Four, Five, and Six and its failure to personally advise him of the mandatory nature of the penalties associated with the charges contained in Counts Seven and Eight contravene the explicit and unambiguous directives contained in Rule 11(c)(1). Because the district court failed to abide by the unequivocal provisions of this rule, we conclude that it failed to address Rule 11's core requirement that the defendant be informed of and understand the direct consequences of his plea. Contrary to the government's contentions, the district court's failure to address this core concern of Rule 11 was not harmless, as there is no evidence in the record from the Rule 11 proceeding which demonstrates that Siegel was aware of these maximum and mandatory minimum penalties on these counts.[6] Because we find that the district court violated Rule

---

[6]In *Hourihan* we assumed, *arguendo,* that the harmless error analysis of Rule 11(h) is applicable in a situation where the district court completely failed to address a "core" concern of

11(c)(1) and because such violations affected Siegel's substantial rights, we reverse the district court's denial of Siegel's Rule 32 motion as to Counts Four through Eight, remand the matter to the district court and direct it to grant his motion to withdraw his pleas of guilty as to these counts. We also vacate the sentences imposed by the district court on Counts One through Three, as it is appropriate that an entire case be remanded for resentencing when a sentencing scheme has been disrupted because it has incorporated an illegal sentence. *See United States v. Cochran,* 883 F.2d 1012 (11th Cir.1989); *United States v. Rosen,* 764 F.2d 763 (11th Cir.1985).

### V. *CONCLUSION*

Because the district court failed properly to inform Siegel of the maximum penalties associated with the charges contained in Counts Four, Five, and Six and failed to advise him of the mandatory nature of the penalties associated with the charges contained in Counts Seven and Eight as required by the unequivocal and unambiguous provisions found in Rule 11(c)(1), we conclude that the district court abused its discretion in denying Siegel's motion to withdraw his pleas of guilty as to Counts Four through Eight of the indictment.

REVERSED in part; VACATED; and REMANDED for further proceedings consistent with this opinion.

---

Rule 11. 936 F.2d at 511 n. 4. Because we conclude that the instant error is not harmless, we need not determine whether Rule 11(h)'s harmless error analysis is applicable in a situation where the district court completely fails to address a "core" concern of Rule 11.