[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 13, 2007
THOMAS K. KAHN
CLERK

No. 07-10460
Non-Argument Calendar

_____

D. C. Docket No. 06-00075-CR-ORL-19-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY B. EVANS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 13, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Gary Evans appeals his conviction for conspiracy to arrange the travel of a person in interstate and foreign commerce to engage in illicit sexual activity, a violation of 18 U.S.C. § 2423(e).  For the first time, on appeal, Evans suggests that

his guilty plea was not knowing and voluntary, because he was under the influence of numerous prescription medications at his plea hearing, and the magistrate judge's inquiry into the effects of the medications on his ability to understand the nature of the proceedings was insufficient under Rule 11 of the Federal Rules of Criminal Procedure. We affirm.

We will review for plain error where, as here, a Rule 11 argument is raised for the first time on appeal. See United States v. Moriarty, 429 F.3d 1012, 1018-19 (11th Cir. 2005). Accordingly, "the defendant has the burden to show that there is (1) error (2) that is plain and (3) that affects substantial legal rights." United States v. Monroe, 353 F.3d 1346, 1349 (11th Cir. 2003) (quotations omitted). Where a defendant meets these requirements, we "may then exercise [our] discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." (Id.) (quotations and numbering omitted).

Rule 11 requires a district court "to conduct a searching inquiry into the voluntariness of a defendant's guilty plea." United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996). The district court must address the "three core objectives" of Rule 11 to ensure that: (1) a guilty plea is not the product of coercion, (2) the defendant understands the nature of the charges, and (3) the defendant understands

the consequences of pleading guilty. United States v. Camancho, 233 F.3d 1308, 1314 (11th Cir. 2000). However, there is no mechanical rule to apply in determining whether the district court adequately informed the defendant of the nature of the charges against him. Id. Rather, the inquiry is case-specific and depends on the complexity of the charges and "the defendant's sophistication and intelligence." Id. (citations omitted).

From our review of the entire record, with particular attention to the transcript of the plea colloquy, we discern no error, let alone plain error. The magistrate judge carefully examined Evans's medical history and use of prescription drugs at the time of the plea hearing, along with his understanding of the charges that he faced. Evans repeatedly indicated that he understood the nature of the proceedings, and defense counsel stated that he had no objections to Evans's competency to enter a plea of guilty. On this record, the magistrate judge was provided with no reason to inquire any further into the potential effects of Evans's medications. Moreover, Evans cites to no authority requiring a more thorough inquiry, nor does he identify what the magistrate judge would have uncovered as a result. In short, Evans has not satisfied his burden to establish plain error, and we affirm his conviction.

**AFFIRMED.**

3