[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 7, 2008
THOMAS K. KAHN
CLERK

No. 07-11071
Non-Argument Calendar

_____

D. C. Docket No. 06-00039-CR-ORL-28JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE ALEXANDER ALVARADO,
a.k.a. Lawrence A. Alvarado,
a.k.a. Lawrence Alvarado,
a.k.a. Pacman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2008)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Lawrence Alexander Alvarado appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1), and his 218-month sentence imposed pursuant to the Armed Career Criminal Act ("ACCA").

Alvarado raises three issues on appeal. First, he argues that the district court erred in accepting his guilty plea where he expressed his belief at the plea hearing that he would receive a recommendation for a substantial assistance reduction, under U.S.S.G. § 5K1.1, in exchange for his guilty plea. Alvarado asserts that because his guilty plea was made as the result of a perceived promise, his plea was in violation of Federal Rule of Criminal Procedure 11(b)(2), which requires the court to ensure that the plea is voluntary. Second, Alvarado argues that the district court abused its discretion in denying his motion to withdraw his guilty plea, as his uncontradicted belief that the government had promised him a substantial assistance recommendation established a fair and just reason to withdraw his guilty plea. Third, Alvarado argues that the district court committed plain error in sentencing him as an armed career criminal, as the government failed to prove at sentencing that his prior felony convictions qualified as either serious drug offenses, or violent felonies, as required by the ACCA.

## I. Acceptance of Guilty Plea

When a defendant fails to object to a Rule 11 violation in the district court, we review the district court's compliance with Rule 11 for plain error. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). To prove plain error, a defendant must show: (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If all three conditions are met, we may exercise discretion to recognize the error, if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation omitted).

Because a plea of guilty is a waiver of several constitutional rights, the Due Process Clause requires the plea to be equally voluntary and knowing. McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969); See Fed.R.Crim.P. 11(b)(2) ("Before accepting a plea of guilty. . .the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)."). Fed.R.Crim.P. 11 imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996). Although a court does not necessarily commit error if it omits some items under Rule 11, a court accepting a guilty plea must comply with Rule 11 and

3

specifically address three core concerns, including that a defendant enter his guilty plea free from coercion. Moriarty, 429 F.3d at 1019.

Alvarado has not met his burden of demonstrating plain error, as he has failed to show an error so plain that the court obviously violated Rule 11(b)(2). At the plea hearing the magistrate judge addressed Alvarado personally and in open court. He questioned Alvarado as to any plea agreement he might have made with the government, asking, "is that correct. . . . that you proffered without a plea agreement," to which Alvarado responded, "Yes, sir." When asked if he believed that the government had promised him anything, Alvarado responded no. After continued questioning from the judge about any oral promises or representations, Alvarado stated that there were no oral promises or representations, but that "I was under the influence that I get a recommendation. . . . for what I did." The judge then asked, "But you didn't sign a plea agreement, did you?" Alvarado then spoke to his attorney off the record, after which the judge again asked him whether he had either a written or oral plea agreement with the government, to which he again responded no. Alvarado specifically told the magistrate judge at his change-of-plea hearing that he had neither an oral nor a written plea agreement. Although Alvarado did initially state that he thought he would get a recommendation from the government, after consultation with his attorney and

4

further questioning from the court, he clarified that no written or oral plea agreement existed. Thus, he fails to explain how the court should have known about any alleged promise. Accordingly, the magistrate judge did not commit plain error in accepting Alvarado's guilty plea.

## II. Withdrawal of Guilty Plea

We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994). In reviewing a court's denial of withdrawal of a guilty plea, we "will reverse only if [the district court's] ultimate conclusion is arbitrary or unreasonable." United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003) (internal quotations and citations omitted). After the district court has accepted a guilty plea and before sentencing, the defendant may withdraw a guilty plea if (1) the district court rejects the plea agreement, or (2) "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(A)-(B).

In determining whether the defendant has met his burden of showing "a fair and just reason for requesting the withdrawal," a district court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4)

5

whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (internal citation omitted). However, the district court is not required to find prejudice to the government before it can deny a defendant's motion to withdraw. Id. at 474. Furthermore, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." Medlock, 12 F.3d at 187. Consequently, a defendant bears a heavy burden to show that his statements under oath were false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

Considering the totality of the circumstances as described above, Alvarado has failed to establish a fair and just reason for requesting the withdrawal of his guilty plea, and the district court's decision to deny his motion was neither arbitrary nor unreasonable.

### III.  Armed Career Criminal Act

The ACCA provides for a 15-year mandatory minimum sentence for a defendant who is convicted under 18 U.S.C. § 922(g)(1) and has three prior convictions by any court for a violent felony or serious drug offense, or both. See 18 U.S.C. § 924(e). A violent felony means any crime punishable by imprisonment for a term exceeding one year and has as an element "the use, attempted use, or threatened use of physical force against the person of another."

6

18 U.S.C. § 924(e)(2)(B). A "serious drug offense" includes a state offense "involving manufacturing, distributing, or possessing with intent to . . . distribute, a controlled substance. . . for which a maximum term of imprisonment of ten years or more is prescribed by law." Id. at § 924(e)(2)(A)(ii).

We review de novo whether a particular conviction is a "violent felony" or a "serious drug offense" within the meaning of § 924(e). United States v. James, 430 F.3d 1150, 1153 (11th Cir. 2005) (internal quotations and citations omitted). However, objections or arguments that are not raised at the district court, are reviewed for plain error only. Moriarty, 429 F.3d at 1018-19. When a defendant does not object to facts alleged in the PSI, the defendant admits those facts. United States v. Wade, 458 F.3d 1273, 1277 (11th Cir. 2006), cert. denied, 127 S.Ct. 2096 (2007); see also, United States v. Bennett, 472 F.3d 825, 834 (11th Cir. 2006) (no error in relying on undisputed facts in PSI to determine nature of predicate crimes for ACCA purposes).

Because Alvarado failed to object to the underlying facts in the PSI as to prior felony convictions, he admitted those facts. Thus, there was no error in the determination that Alvarado's prior felony convictions were violent felonies and serious drug offenses under the ACCA.

**AFFIRMED.**

7