[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14023
Non-Argument Calendar

_____

D. C. Docket No. 07-20154-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 11, 2008)**

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Jerome Hayes appeals his convictions for possession with intent to distribute crack cocaine, 21 U.S.C. § 841(a)(1) and (b)(1)(C); possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) and (b)(1)(D); and being a convicted felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e). Hayes argues that his guilty plea was not knowing and voluntary because he believed that he was reserving the right to appeal the district court's denial of his motion to suppress. Hayes asserts that both he and his counsel believed that the plea was conditional, particularly in light of the court's acknowledgment that counsel had reserved the right to appeal the suppression issues. Hayes contends that, because he pled guilty based on his mistaken belief that the suppression issues were preserved for appeal, he did not understand the consequences of his plea. The government concedes that the plea colloquy failed to satisfy a core concern of Fed.R.Crim.P. 11, that is, that Hayes understood the consequences of his guilty plea.[1] For the reasons set forth more fully below, we vacate Hayes's conviction and remand to the district court for further proceedings.

A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea. United States v. McCoy, 477 F.2d 550, 551 (5th Cir. 1973). "A defendant who wishes to preserve appellate review of a

---

[1]The court appreciates and applauds the candor of counsel for the government. Such a concession is in accord with the highest standards and traditions of our profession.

non-jurisdictional defect while at the same time pleading guilty can do so only by entering a 'conditional plea' in accordance with Fed.R.Crim.P. 11(a)(2)." United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997). The Federal Rules of Criminal Procedure, however, provide that "[w]ith the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pre-trial motion." Fed.R.Crim.P. 11(a)(2). "[F]or Rule 11 purposes, silence or inaction by the government is not consent." Pierre, 120 F.3d at 1156.

Here, the record indicates that Hayes pled guilty to the charges in the indictment without the benefit of a written plea agreement. Moreover, during the plea colloquy, the government was silent as to defense counsel's insistence that Hayes was pleading guilty while reserving the right to appeal the district court's denial of his motion to suppress. Accordingly, because neither the government nor the district court gave its express consent for Hayes to enter a conditional plea, his plea was not conditional as defined in Rule 11. See id.

Nevertheless, in Pierre, we found that the defendant's unconditional plea did not preclude relief. Id. In that case, Pierre entered a guilty plea only after he was assured by the district court that he had preserved for appeal issues concerning the denial of his constitutional and statutory right to a speedy trial. Id. at 1155. In

3

addition, Pierre's counsel also explicitly expressed his intent to preserve the speedy trial issues for appeal.  Id.  We noted that, when accepting a guilty plea, a court must address three core concerns underlying Rule 11: "'(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.  If one of the core concerns is not satisfied, then the plea is invalid.'" Id. at 1156 (quoting United States v. Siegel, 102 F.3d 477, 480-81 (11th Cir. 1996)).  Accordingly, we held that because Pierre had "entered . . . [his] guilty plea only on the reasonable (but mistaken) belief that [he] had preserved [the issue] for appeal, his plea was, as a matter of law, not knowing and voluntary." Id. at 1156.

Here, as in Pierre, the record demonstrates that Hayes entered his guilty plea based on the mistaken belief that he had preserved for appeal issues concerning the suppression of evidence obtained as the result of an illegal arrest.  During the plea colloquy, Hayes's counsel explicitly stated that Hayes was reserving the right to appeal the district court's earlier denial of his pre-trial motion to suppress.  The district court acknowledged defense counsel's attempt to preserve that issue for appeal and responded that it "assumed that [Hayes had] the right" to do so.  Moreover, at sentencing, the district court again acknowledged counsel's attempt to preserve the issue for appeal and explicitly stated that the objections within

4

Hayes's motion to suppress "remain[ed] viable." Therefore, because Hayes mistakenly believed that he had reserved the right to appeal the denial of his motion to suppress, he did not fully understand the consequences of his plea. See Pierre, 120 F.3d at 1156-57. Accordingly, Hayes's guilty plea failed to satisfy a core concern of Rule 11. Id. at 1157.

In light of the foregoing, we **VACATE** Hayes's conviction and **REMAND** to the district court for further proceedings.