[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2008
THOMAS K. KAHN
CLERK

No. 07-11174
Non-Argument Calendar

_____

D. C. Docket No. 06-20617-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL DELOS-SANTOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 5, 2008)**

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, appellant pled guilty to conspiracy to possess

with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); conspiracy to carry and possess a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(o) (Count 3); and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I) (Count 4). The district court sentenced appellant to prison terms totaling 120 months. He now appeals, asking this court to invoke the plain error doctrine and hold that the district court failed to find that his pleas of guilty were made knowingly and intelligently.

Appellant argues that the district court's plea colloquy with him was inadequate in that his statements concerning his psychological history and the medication he had been taking should have put the court on notice that it needed to conduct a more searching inquiry into his competency to enter a plea.

Due process requires that a defendant enter a guilty plea knowingly and voluntarily, because by pleading guilty, a defendant waives a number of his constitutional rights. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005). When accepting a guilty plea, a court must ensure that the three "core concerns" of Rule 11 of the Federal Rules of Criminal Procedure are met: "(1) the

guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). To satisfy these concerns, the district court must "address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the nature of the charge to which the plea is offered and the potential consequences of that plea." United States v. Lewis, 115 F.3d 1531, 1535 (11th Cir. 1997) (internal quotations and citations omitted). The rule imposes upon a district court "the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea." United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996).

Since nothing in the record indicates that appellant was suffering from a mental health condition that rendered him incompetent to enter a guilty plea, and since his statements during the Rule 11 plea colloquy indicate that he understood the nature of the charges and consequences he was facing, the district court did not err, much less commit plain error, in finding that appellant pled guilty to the charges knowingly and intelligently.

AFFIRMED.