[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14221
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 24, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20120-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR GEOVANI ESQUIVEL CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 24, 2011)

Before EDMONDSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Edgar Castillo appeals his convictions and sentences, imposed after he

pleaded guilty to four counts of production of child pornography, in violation of

18 U.S.C. § 2251(a), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Castillo to thirty years for each of the production convictions and ten years for the possession conviction, to run consecutively, for a total sentence of 1,560 months' imprisonment.

Castillo argues on appeal that the district court plainly erred when it failed to inform him, at the plea colloquy, that the statutory maximum sentences for each count could run consecutively. Assuming there was an error, it is not "plain." *See United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999) (holding that the district court's alleged error in failing to inform the defendant that his sentences must run consecutively is an error that is neither "obvious" nor "clear under current law"). In *Humphrey*, we expressly rejected the argument raised by Castillo—that *United States v. Siegel*, 102 F.3d 477, 482 (11th Cir. 1996) and Federal Rule of Criminal Procedure 11 require an instruction on consecutively sentenced counts. *Id*. Since *Humphrey*, neither the Supreme Court nor this Court has held as much. Accordingly, the district court did not commit plain error during the plea colloquy.

Castillo next argues that his 1,560-month sentence is procedurally and substantively unreasonable. The sentence fell within the applicable guideline

range of life imprisonment, and we ordinarily expect guideline sentences to be reasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). We find that Castillo's sentence is both procedurally and substantively reasonable under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The record shows that the district court correctly calculated the guideline range, considered the 18 U.S.C. § 3553(a) factors, and considered Castillo's mitigation arguments. In the end, the district court did not abuse its discretion in concluding that a sentence of 1,560 months was necessary to comply with the purposes of § 3553(a)—Castillo pleaded guilty to engaging in sexually explicit conduct with a three-year-old girl, on multiple occasions, and filming it. His sentence is reasonable.

**AFFIRMED.**