Filed 5/29/13  P. v. Jiminez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E055584 |
| v. | (Super.Ct.No. INF065544) |
| JUAN MANUEL JIMINEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven G. Counelis, Judge.  Affirmed.

Mark Yanis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Sabrina Y. Lane-Erwin and Michael T. Murphy, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Juan Manuel Jiminez is serving 30 years in prison after pleading guilty to charges stemming from sexually abusing his stepdaughter and niece over several years.

1

Defendant contends the trial court erred when it accepted his guilty plea after he commented during the plea colloquy "It is a lot of years. But there's nothing I can do about it anyway" without further questioning him to determine whether he was voluntarily waiving his constitutional rights. As discussed below, we find this to be merely an understandable comment about the situation in which defendant had placed himself, and therefore find no error.

### FACTS AND PROCEDURE

When defendant's stepdaughter was about five years old, defendant began to enter her room at night at least twice per week, sometimes every night, to touch her sexually. This took place for several years. When the stepdaughter was about nine years old, this behavior escalated to forcible rape, which continued until she was 11 years old.

Defendant exhibited similar behavior with his niece when she was about 13 years old, although less often than with his stepdaughter because defendant did not live with his niece. Both girls testified to this abuse in great detail during the preliminary hearing.

On December 15, 2009, the People filed an information charging defendant with 11 separate crimes relating to these two victims, and later amended the information to add an additional count.

On December 16, 2011, defendant pled guilty to two counts of continuous sexual conduct with a minor under age 14 (Pen. Code, § 288.5)[1] and five counts of forcible

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

sexual penetration by force or fear (§ 289, subd. (a)(1)). On that date the trial court sentenced defendant to the agreed-upon term of 30 years in prison.

At the plea hearing, the trial court asked defendant whether he had signed and initialed the plea form, whether he reviewed the form carefully before signing and initialing it, and whether he had an opportunity to discuss the form with his attorney before signing and initialing it. Defendant replied, "Yes" to each question. Defendant confirmed that he understood the terms of the plea agreement, that he would be pleading guilty to seven charges and that he would be sentenced to 30 years in prison. He also acknowledged that he had not been induced to plead guilty by any promise that was not contained in the plea agreement, or by any threat. The court then asked defendant whether he had any questions about the effect of the plea form or the rights he was giving up by executing the form. Defendant replied: "It is a lot of years, but there's nothing I can do about it anyway." The court again asked defendant if he had any questions about the effect of the plea form or any of the rights he was giving up. Defendant replied, "No." The trial court found that defendant had "expressly, knowingly, understandingly, and intelligently waived" his statutory and constitutional rights, and that his guilty plea was entered "freely and voluntarily," and with an "understanding of the nature of the charges pending, as well as the consequences of the plea."

This appeal followed.

DISCUSSION

Defendant argues the trial court had a duty to inquire further of defendant to determine whether defendant's comments about there being "nothing I can do about it anyway," indicated that his plea was either involuntary or not intelligently made.

"[A] plea is valid if the record affirmatively shows that it is voluntary and intelligent under the totality of the circumstances." (*People v. Howard* (1992) 1 Cal.4th 1132, 1175.) "[I]it was well established that a valid guilty plea presupposed a voluntary and intelligent waiver of the defendant's constitutional trial rights, which include the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers." (*Id.* at p. 1175.) "'. . . [T]he record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily.' [Citation.]" (*Id.* at p. 1177.) " . . . The record must affirmatively demonstrate that the plea was voluntary and intelligent under the totality of the circumstances." (*Id.* at p. 1178.) "[E]xplicit admonitions and waivers still serve the purpose that originally led us to require them: They are the only realistic means of assuring that the judge leaves a record adequate for review." (*Id.* at p. 1178-1179.)

Here, the record affirmatively demonstrates that defendant knowingly and voluntarily agreed to plead guilty, and in doing so waive his rights to a jury trial, to confront his accusers, and to not incriminate himself. First, defendant executed the felony plea form, which set forth each of these rights, and in which he agreed that he understood its terms, had discussed them with his attorney, and voluntarily waived them. Second, defendant's attorney signed the same form indicating that he was satisfied that

4

defendant understood these rights, had an opportunity to discuss them with the attorney, and understood the consequences of the plea. Third, as set forth above, at the plea hearing the trial court judge engaged in an oral inquiry of defendant, through a Spanish language interpreter, as to whether defendant was pleading guilty and waiving his constitutional rights voluntarily and intelligently. Fourth, at the conclusion of this inquiry, the court accepted defendant's plea and found that it was "freely and voluntarily made" and that defendant had "expressly, knowingly, understandingly, and intelligently" waived his statutory and constitutional rights.

Despite the above, defendant argues that his comment "It is a lot of years, but there's nothing I can do about it anyway" negates each of these overlapping indicators that his plea was voluntary. Defendant cites to the following three federal cases in an attempt to persuade this court that the trial court had a duty to find out whether this statement meant that defendant's plea and waiver of rights was not fully voluntary. However, the facts of these cases are so different from those of the current case that we do not find them persuasive. In *United States v. Siegel* (11th Cir. 1996) 102 F.3d 477, 481, neither the trial court nor the prosecutor correctly informed the defendant about the mandatory sentences for the crimes to which he was pleading guilty, and so the appellate court held that defendant's plea was not knowing and intelligent. This case is not helpful to defendant other than for its general statement of the law. *In re Ibarra* (1983) 34 Cal.3d 277, 287-288, concerned the special duty of the trial court to conduct an inquiry where a defendant's guilty plea is a "package deal" in which all defendant's must plead guilty to receive the benefit of the agreement. Again, while this case contains general language

5

regarding the duty of a court to inquire "into the totality of the circumstances" to determine whether the plea is voluntary, it does not address the factual situation at hand.

In *United States v. Parra-Ibanez* (1st Cir.1991) 936 F.2d 588, 595-596, the defendant had previously undergone psychiatric treatment, but had been determined competent to plead guilty. At the plea hearing, defendant told the trial court that he was taking three medications: Ativan, Halcion and Restoril. After asking defendant whether Ativan "is a drug to control your nerves or something," confirming with defense counsel that defendant had been declared competent, and confirming with counsel for both sides that they did not have any concerns about defendant's competency, the court went through the constitutional checklist with defendant and obtained his affirmative answer to each question. The appellate court found that the trial court erred in failing to ask further about the nature of the three medications and their effects on defendant's "clear-headedness." (*Id.* at p. 596.) The appellate court based its conclusion on several well-known federal cases requiring further inquiry "'once the court has been informed that the defendant has recently ingested drugs or other substances capable of impairing his ability to make a knowing and intelligent waiver of his constitutional rights.' [Citation.]" (*Id.* at p. 595.) Again, while this case contains a good general statement of the law requiring that a guilty plea and waiver of rights be voluntary and intelligent, its holding is specific to cases in which the defendant is using prescription or illegal drugs.

We have considered the applicable law, the transcript of the plea colloquy, the compelling testimony by both victims at the preliminary hearing and the fact that, if

6

convicted, defendant faced an indeterminate term of life in prison.[2]  After doing so, we agree with the People that, under all of the circumstances, defendant's statement was a lament about the bleakness of his situation and the choice he had to make (a determinate term of 30 years versus a long indeterminate term) rather than a comment that his plea and waiver were not voluntary.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

---

[2]  Defendant was charged with having sexually abused two different victims, which under section 667.61, subdivisions (b) and (e)(5), carries an indeterminate term of 15 years to life, and with aggravated sexual assault of a child under section 269, which mandates consecutive, 15-years-to-life terms.