[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14494
Non-Argument Calendar
_____

D.C. Docket No. 6:13-cr-00308-PGB-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RADBOURNE MARK ANTHONY SALEEM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 22, 2016)

Before WILSON, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Radbourne Saleem appeals his convictions and total 262-month sentence, imposed after he pleaded guilty to two counts of possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), and one count of forcible assault of a federal officer with use of a deadly weapon in violation of 18 U.S.C. § 111(a)(1) and (b).  Saleem argues for the first time on appeal that the district court erred in failing to sua sponte reject his guilty plea as unknowing or involuntary.  He argues that he pleaded guilty only because his counsel told him that he would be sentenced to less than 10-years imprisonment, and he did not know that his maximum possible sentence was greater than ten years.  Upon careful review of the record and consideration of the parties' briefs, we affirm.

When a defendant does not object to the plea proceedings or move to withdraw his plea before the district court, we review for plain error the district court's compliance with the pleading requirements of Federal Rule of Criminal Procedure 11.  United States v. Rodriguez, 751 F.3d 1244, 1251 (11th Cir. 2014).  "To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights."  Id. (quotation omitted).  The defendant must also show a reasonable probability that he would not have entered the guilty plea but for the district court's error.  Id. at 1252.  "[W]here the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly

2

resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam).

A guilty plea must "be made knowingly and voluntarily to satisfy the requirements of due process." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam).  In accepting a guilty plea, the district court must comply with three "core principles" of Rule 11 to "ensur[e] that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." Id. (quotation omitted).  To do this, the district court "must inform the defendant of, and determine that the defendant understands" a number of things, including "any maximum possible penalty," "any mandatory minimum penalty," and "the [sentencing] court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a)." Fed. R. Crim. P. 11(b)(1).

Under Rule 11, it is the district court's "obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea." United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996).  In conducting this inquiry, there is a strong presumption that sworn statements made to the district court during a plea colloquy are true. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

Saleem fails to show that the district court plainly erred in finding that his guilty plea was made knowingly and voluntarily.  The express terms of the plea agreement stated that the first two counts carried "a maximum sentence for each count of not more than 10 years' imprisonment," and the final count contained "a maximum sentence of not more than 20 years' imprisonment."  The agreement further stated that "[t]he Court may, although it is not required to, impose the sentence for these charges consecutively."  Saleem initialed the page of the plea agreement on which those maximum sentences appeared, and signed the final page of the agreement in full.

Saleem also verified under oath at his plea hearing that he understood the statutory maximums involved in his case and entered his plea knowingly and voluntarily.  The district court asked during the plea colloquy whether Saleem had read the entire plea agreement, discussed it with his attorney, and felt "confident and comfortable that [he was] familiar with all the terms and representations contained in [it]."  Saleem responded in the affirmative.  Saleem also verified that he had not been forced or coerced to plead guilty, and that he had entered into the agreement voluntarily and freely.

Saleem further verified that he understood the maximum sentence for each count of his plea after the district court had the government read those maximums aloud during the proceedings.  He also confirmed that he understood that the

sentences for each could be imposed consecutively at the court's discretion.  The district court told Saleem that he "could, in theory, be exposed to as much as 40 years imprisonment . . . .  Do you understand that?"  Saleem responded, "[y]es, Your Honor."  The district court also confirmed with Saleem that if the ultimate sentence based on the Sentencing Guidelines was higher than he anticipated, he would not be able to withdraw his guilty plea.

The district court found that Saleem's plea was knowing and voluntary based on these statements at the plea hearing.  There is a strong presumption that Saleem made these statements truthfully.  See Medlock, 12 F.3d at 187.  The district court's thorough inquiry, spanning more than twenty pages of hearing transcript, is further evidence that its inquiry into the voluntariness of Saleem's guilty plea was sufficiently searching.

Saleem identifies nothing in the record suggesting that the district court was aware of any conflicting representations made to him by his counsel as to his likely sentence or statutory maximums.  Saleem also has not pointed to any particular rule, statute or case from the Supreme Court or this Court directly establishing that the district court erred or that the plea must be set aside in the circumstances of his case.  See Lejarde-Rada, 319 F.3d at 1291.  The district court sufficiently complied with its Rule 11 obligations and did not err, let alone plainly err, in determining that Saleem's guilty plea was made knowingly and voluntarily.

**AFFIRMED.**