[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10568
Non-Argument Calendar
_____

D.C. Docket No. 6:15-cr-00018-JA-DAB-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONTREAUN TREMAYNE ALEXANDER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 23, 2017)

Before WILLIAM PRYOR, JORDAN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Dontreaun Alexander appeals his convictions for obstructing interstate commerce by robbery, 18 U.S.C. § 1951(a), and brandishing a firearm during that robbery, *id.* § 924(c)(1)(A). Alexander challenges, for the first time, the validity of his guilty plea. We affirm.

Because Alexander failed to move to withdraw his plea, our review is for plain error. *See United States v. Rodriguez*, 751 F.3d 1244, 1251 (11th Cir. 2014). That standard requires Alexander to prove that an error occurred that is plain and that affects his substantial rights. *See id.*

The district court did not plainly err in accepting Alexander's pleas of guilty. During the plea colloquy, Alexander stated that he had reviewed his case with counsel; he had knowingly and voluntarily entered a written plea agreement with the government; he had not been induced or coerced to plead guilty; he understood the charges against him and the consequences of pleading guilty; and the factual statement in his plea agreement described his offenses accurately. Alexander also acknowledged that he had read and understood his indictment and the plea agreement, both of which recited the elements of his offenses. Alexander argues that the district court violated Federal Rule of Criminal Procedure 11 by failing to explain the element of "interstate commerce," but "[n]othing in the text of Rule 11 imposes such an obligation" on the district court, *see Rodriguez*, 751 F.3d at 1254, particularly when Alexander passed up the invitation to inquire about any "word

[he] d[id]n't understand." The district court was entitled to find that Alexander "understood what he was admitting and that what he was admitting constituted the crimes charged." *United States v. Siegel*, 102 F.3d 477, 480 (11th Cir. 1996).

Alexander argues that there is an insufficient factual basis to accept his pleas of guilty, and the government responds that Alexander waived his argument by pleading guilty. We reject both arguments. We can consider Alexander's argument because our earliest precedents hold that the entry of a knowing and voluntary plea does not bar a defendant from contesting the factual basis for that plea. *See United States v. Puentes-Hurtado*, 794 F.3d 1278, 1286–87 (11th Cir. 2015). And the district court did not plainly err in finding there was a factual basis to establish that Alexander's crimes caused a "minimal effect" on interstate commerce. *See United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). Alexander admitted that he entered a Circle K convenience store brandishing a firearm; that its cashier foiled Alexander's plan to steal currency from the safe and cash register; and that the store "was engaged in interstate commerce and was forced to shut down for several hours following the robbery, resulting in the disruption of interstate commerce through that establishment." *See United States v. Ransfer*, 749 F.3d 914, 936 (11th Cir. 2014); *United States v. Dean*, 517 F.3d 1224, 1228 (11th Cir. 2008).

We **AFFIRM** Alexander's convictions.