[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14221

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JIMMY LAMAR BERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 1:19-cr-00234-ECM-JTA-1

_____

Before WILSON, ROSENBAUM, and BLACK, Circuit Judges.

PER CURIAM:

Jimmy Lamar Berry appeals his convictions after conditionally pleading guilty to being a felon in possession of a firearm and for the possession of a controlled substance with the intent to distribute. Berry challenges the denial of his motion to suppress evidence seized from his residence, and he also contends the district court plainly erred in failing to strictly comply with Federal Rule of Criminal Procedure 11, as he was misadvised by a magistrate judge of the potential total sentence he faced during his change of plea hearing. After review, we affirm Berry's convictions.

## I. DISCUSSION

### A. Motion to Suppress

Berry asserts the district court erred in denying his motion to suppress because (1) the warrant affidavit failed to establish a fair probability that evidence of a crime would be found at his property, and (2) the good faith exception does not apply. We address each argument in turn.

#### 1. Affidavit

The Fourth Amendment provides for the right to be free from unreasonable searches and seizures, and mandates "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const. Amend. IV. "To obtain a warrant, police must establish probable cause to conclude that there is a fair

probability that contraband or evidence will be found in a particular place." *United States v. Gibson*, 708 F.3d 1256, 1278 (11th Cir. 2013) (quotation marks omitted). We give "great deference" to the determination of probable cause by a trial court judge. *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (quotation marks and alteration omitted).

The district court did not err[1] in denying Berry's motion to suppress as the affidavit attached to the search warrant provided sufficient information to establish probable cause to search the property.[2] First, the victim of the August 25, 2017, shooting stated the crime occurred "in the 700 block of Monroe Street" and the suspect fled into the backyard of 718 Monroe Street. *See United States v. Martinelli*, 454 F.3d 1300, 1307 (11th Cir. 2006) (explaining

---

[1] We review a district court's denial of a defendant's motion to suppress evidence under a mixed standard of review, applying the clearly erroneous standard to the findings of fact and a *de novo* standard to the application of law to those facts. *United States v. Jimenez*, 224 F.3d 1243, 1247 (11th Cir. 2000).

[2] Berry did not request a *Franks* hearing, nor did he make the requisite substantial preliminary showing to warrant one. *United States v. Sarras*, 575 F.3d 1191, 1218 (11th Cir. 2009) ("To be entitled to a *Franks* hearing, a defendant must make a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to a finding of probable cause." (quotation marks omitted)).

when a warrant was issued based on the statement of a victim, we view the warrant with less skepticism than one based on the statement of an anonymous informant).  Additionally, the victim's account was supported by the 9mm shell casings found in the roadway in front of 718 Monroe Street.  These facts supported the required connection between the property and the criminal activity, as it served as the path of egress from the crime scene for the suspect.  *See United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (stating the affidavit should establish a connection between the residence and any criminal activity).  Additionally, the affidavit noted Berry's residence had exterior cameras, and "at least one of the cameras on the residence point[ed] towards the area where the shooting occurred."  These facts provided the magistrate judge ample basis for finding probable cause, as they indicated a fair probability that physical evidence from the suspect fleeing the scene and video evidence of the crime itself would be found on the property. *See Gibson*, 708 F.3d at 1278.

### 2. Good Faith Exception

The exclusionary rule is a judicially created remedy designed to safeguard Fourth Amendment rights through its deterrent effect and requires evidence obtained through an illegal search not be used by the government in a subsequent criminal prosecution. *Martin*, 297 F.3d at 1312.  The Supreme Court created a good-faith exception to this rule, stating courts generally should not hold inadmissible evidence obtained by officers acting in reasonable reliance upon a search warrant later found to be unsupported by

21-14221               Opinion of the Court                    5

probable cause or technically insufficient. *United States v. Leon*, 468 U.S. 897, 922 (1984). "Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *Id.* (quotation marks, alterations, and citation omitted).

The *Leon* "good-faith" exception does not apply where the warrant is so lacking in indicia of probable cause that official belief in its validity is entirely unreasonable. *Id.* at 923. The good-faith exception requires suppression of the evidence only if the law enforcement officers executing the warrant in question "were dishonest or reckless in preparing their affidavit, or could not have harbored an objectively reasonable belief in the existence of probable cause." *Martin*, 297 F.3d at 1313.

Even if the original search warrant had lacked probable cause, the good faith exception applies. For the reasons discussed above, the search warrant was not so lacking in indicia of probable cause that official belief in its validity was entirely unreasonable. *Leon*, 468 U.S. at 923. Additionally, there is no evidence in the record showing the officers acted dishonestly in preparing the affidavit. *Martin*, 297 F.3d at 1313. As such, the district court did not err in finding the "good-faith" exception applied. *Leon*, 468 U.S. at 922-23.

*B.  Rule 11*

"[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  In addition, all Rule 11 violations are subject to harmless error review.  *See* Fed. R. Crim. P. 11(h).  A Rule 11 error is harmless "if it does not affect substantial rights." *Id.*

Under Rule 11, the district court must address the defendant personally in open court and inform the defendant of, and determine that, he understands the nature of the charge to which the plea is offered and the potential consequences of that plea. *United States v. Lewis*, 115 F.3d 1531, 1535 (11th Cir. 1997).  The rule requires a district court to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. *United States v. Siegel*, 102 F.3d 477, 481 (11th Cir. 1996).  To determine whether a guilty plea is knowing and voluntary, a court accepting it must comply with the three "core concerns" of Rule 11 by ensuring that: (1) the guilty plea is free from coercion; (2) the defendant understands the nature of the charges; and (3) the defendant understands the direct consequences of his plea. *United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018).

To comply with the third core concern, the district court must inform the defendant of the rights that he is giving up by pleading guilty, including the court's authority to impose certain

punishments. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005); *see also* Fed. R. Crim. P. 11(b)(1). The court plainly errs when it inaccurately advises a defendant on the potential punishments he is facing during the plea hearing. *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009). However, where a defendant fails to object to the PSI's correct statement concerning the applicable punishments, he indicates, through his conduct, that his "substantial rights were not harmed by the district court's error during the plea hearing." *Id.*

It is uncontested that the magistrate judge erred by incorrectly advising Berry of the punishments he faced on Count 5, and that this error was plain.[3] However, Berry has failed to show this error affected his substantial rights. *See United States v. Castro*, 455 F.3d 1249, 1253 (11th Cir. 2006) (stating to establish plain error, a defendant must show that there was an (1) error, (2) that is plain, and (3) that affects substantial rights). First, Berry failed to object to the PSI which contained the correct punishment information, thus indicating through his conduct that his substantial rights were not harmed. *Brown*, 586 F.3d at 1346.

Additionally, Berry has not shown there is a reasonable probability that, but for the error, he would not have entered the plea. *Dominguez-Benitez*, 542 U.S. at 83. Rather, the record

---

[3] Where the defendant neither objects to the plea proceedings nor moves to withdraw the plea, we review the district court's compliance with Rule 11 for plain error. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003).

indicated he expected a potential sentence of 188 months' imprisonment. Specifically, when asked if the plea agreement represented in its entirety the understanding that Berry had with the Government, Berry responded "I'm hoping I'm understanding that I'm going to be sentenced to around 188 months." The magistrate judge corrected Berry as the plea agreement did not specify a specific total sentence. Nonetheless, Berry's statement shows he knew the 188-month sentence he ultimately received was a possibility. Despite this, Berry entered the plea. Berry's argument his substantial rights were affected because he intended to challenge the applicability of the armed career criminal enhancement to Count 6 is unconvincing given that he knew he potentially faced this total sentence and he indicated through his failure to object to the PSI that the mistake had not harmed his substantial rights. As such, Berry has failed to show the magistrate judge's error affected his substantial rights. *Castro*, 455 F.3d at 1253.

## II. CONCLUSION

The district court did not err in denying Berry's motion to suppress because there was probable cause for the search of the property. Additionally, the magistrate judge who presided over Berry's change of plea hearing did not plainly err in failing to strictly comply with Federal Rule of Criminal Procedure 11 because the error did not affect Berry's substantial rights. Accordingly, we affirm.

**AFFIRMED.**