**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul BUCKBEE, Defendant–Appellant.**

**No. 00–1910.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 5, 2001.

Decided Feb. 22, 2001.

Before Hon. EASTERBROOK, Hon. MANION, and Hon. DIANE P. WOOD, Circuit Judges.

ORDER

Paul Buckbee entered a conditional guilty plea pursuant to a plea agreement to possession with intent to manufacture marijuana. 21 U.S .C. § 841(a)(1). As part of the plea agreement, Buckbee agreed to forfeit 50% of the net proceeds from the sale of his real property used to facilitate the manufacture of marijuana. 21 U.S.C. § 853. Buckbee filed a notice of appeal, but his counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he considers all possible issues for appeal frivolous. We notified Buckbee of counsel's motion, but he has not responded. Counsel's *Anders* brief is facially adequate; therefore, we limit our review of the record to the potential issues counsel discusses. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir.1996).

■ Counsel initially considers whether Buckbee could challenge the denial of his motion to suppress evidence seized during a search of his property. We agree with counsel that such a challenge would be frivolous. Although Buckbee entered a conditional guilty plea, reserving in writing the right to challenge the denial of his motion to suppress, he never submitted to the district court any objections to the magistrate judge's report recommending denial of that motion. Accordingly, Buckbee has waived his right to appellate review. *See United States v. Dexter*, 165 F.3d 1120, 1124 (7th Cir.1999); *United*

*States v. Brown*, 79 F.3d 1499, 1504 (7th Cir.1996).

■ Counsel next considers whether Buckbee could challenge the denial of his motion for pretrial release. Counsel correctly concludes that such a challenge would be frivolous. Any claim to pretrial release became moot once Buckbee pleaded guilty. *Murphy v. Hunt*, 455 U.S. 478, 481–82, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam) (claim to pretrial bail rendered moot by conviction); *United States v. O'Shaughnessy*, 772 F.2d 112, 113 (5th Cir.1985) (per curiam) (observing that, after the defendant's conviction, "[n]either pretrial detention nor release on pretrial bail may now be ordered").

■ Counsel lastly considers whether the forfeiture could be challenged under the Excessive Fines Clause of the Eighth Amendment or the Double Jeopardy Clause of the Fifth Amendment. Counsel properly identifies as frivolous these potential challenges. First, Buckbee waived any excessive fines claim by agreeing to forfeit 50% of the net proceeds from the sale of his property. *Cf. United States v. Robinson*, 14 F.3d 1200, 1206 (7th Cir. 1994) (defendant sentenced at guideline level agreed upon in plea agreement waived right to challenge that determination on appeal). Second, Buckbee waived any double jeopardy claim by pleading guilty, and there is no evidence on the face of the record that the district court lacked the power to enter the conviction or the sentence. *United States v.. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); *United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir.2000) (guilty plea operates as waiver of all nonjurisdictional defects and errors).

Counsel correctly identifies as frivolous all possible grounds for appeal. Accord-

ingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.