[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 24, 2009
THOMAS K. KAHN
CLERK

No. 09-10932
Non-Argument Calendar

_____

D. C. Docket No. 08-00069-CR-ODE-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENRIQUE PEREZ OCHOA,
a.k.a. Lucio Perez Ochoa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 24, 2009)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Enrique Perez Ochoa, through counsel, appeals the denial of his motion to suppress. For the reasons set forth below, we vacate Ochoa's convictions and remand to the district court to allow Ochoa to plead anew.

**I.**

A grand jury charged Ochoa with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), ("Count 1"); possession of firearms during the commission of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), ("Count 2"); and possession of firearms by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2), ("Count 3"). Ochoa pled not guilty and filed a motion to suppress. In his motion to suppress, Ochoa argued that (1) the officers who arrested him did not have an arrest warrant or probable cause for his arrest; (2) officers searched his home without a warrant, even though he immediately objected to the search; (3) Ochoa's wife never voluntarily consented to a search of Ochoa's home; and (4) the subsequently obtained search warrant for Ochoa's home was invalid because evidence from the initial unlawful search was listed in the search warrant affidavit to establish probable cause. Ochoa asked the court to suppress (1) evidence gathered pursuant to the warrantless search of his person and residence; (2) any of his statements obtained in violation of the Constitution; (3) the seizure of his

2

person; and (4) any statements or evidence obtained as a result of the warrant search of his residence. The government subsequently filed a superseding indictment, which contained the same three charges set forth in the original indictment. Ochoa pled not guilty to the charges contained in the superseding indictment.

The district court held a hearing on Ochoa's motion to suppress. After the suppression hearing, a magistrate judge recommended denying Ochoa's motion to suppress. Ochoa filed objections to the magistrate's report and recommendation, but subsequently pled guilty to all counts.

On October 21, 2008, the district court held a change-of-plea hearing. At the hearing, Ochoa indicated that he wished to enter a guilty plea on Counts 1 through 3 without the benefit of a plea agreement. Ochoa and his counsel then signed a written guilty plea, which stated "I, Enrique Perez Ochoa, aka Lucio Perez Ochoa, defendant, having received a copy of the [written] Indictment, and having been arraigned plead Guilty thereto to counts One through Three thereof." The government set out the evidence that it would present if the case proceeded to trial. Ochoa disputed the government's account of his arrest and the search of his house, asserting that officers confronted him without identifying themselves and beat him in his ribs, and contending that he did not resist arrest. The government noted, "I

3

realize there is disagreement about the arrest and some other things, but I think as far as the elements of the offense, of all three offenses go, I think he hasn't denied anything that would subtract from any offenses—elements." Defense counsel explained,

> We went over the elements of the crimes, and [Ochoa] fully understands them and is admitting to the facts in the indictment. The one thing that has caused him to enter a plea to these at this time without a plea agreement is that he is in fact guilty of these, but we disagree with the ruling on the motion to suppress. Therefore, we have some differences with the government about how this arrest took place and at what time consent was given. So he does intend to appeal the denial of the motion to suppress. But as far as the facts of the case, he is guilty of possessing the weapon when he was arrested, of having and knowing that there was a weapon in his house, and of knowing that the drugs were in his house and that he possessed them and did intend to transfer those drugs to a third party.

Ochoa indicated that his counsel's statement was correct. The district court accepted Ochoa's guilty plea to Counts 1 through 3 after finding that Ochoa entered the plea freely and voluntarily and that there was a factual basis to support the plea. The district court sentenced Ochoa to 46 months' imprisonment on each of Counts 1 and 3, to run concurrently, and 60 months' imprisonment on Count 2, to run consecutive to the other sentences, for a total of 106 months' imprisonment.

**II.**

4

We review de novo questions of law.  United States v. Patti, 337 F.3d 1317, 1320 n.4 (11th Cir. 2003).

A defendant's knowing and voluntary unconditional guilty plea waives all non-jurisdictional defects in a proceeding.  United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984); United States v. Pierre, 120 F.3d 1153, 1155 (11th Cir. 1997).  For a guilty plea to be entered knowingly and voluntarily, it must satisfy three "core concerns," which are that "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.  If one of the core concerns is not satisfied, then the plea of guilty is invalid." United States v. Siegel, 102 F.3d 477, 481 (11th Cir. 1996) (citations omitted).

Rule 11(a)(2) provides:

> Conditional Plea.  With the consent of the court and the government, a defendant may enter a conditional plea of guilty or nolo contendere, reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.  A defendant who prevails on appeal may then withdraw the plea.

Fed.R.Crim.P. 11(a)(2).  Rule 11(h) provides that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed.R.Crim.P. 11(h).  We have held that conditional pleas must comply with Rule 11(a)(2), in that pretrial issues must be preserved in writing and the

5

government must consent expressly to the entry of a conditional plea.  See Pierre,

120 F.3d at 1155 (noting that a "conditional plea must be in writing and must be

consented to by the court and by the government"); United States v. Betancourth,

554 F.3d 1329, 1332 (11th Cir. 2009) (holding that a defendant's guilty plea was

unconditional, where  the "guilty plea was not in writing, and the Government did

not consent to it being conditional").

In Pierre, we specifically noted, "[a]ssuming without deciding that the

absence of writing is not dispositive of whether a plea is conditional, we

nonetheless think that—at the very least—the writing requirement is strong

evidence that the government's consent must be express under Rule 11(a)(2)."

Pierre, 120 F.3d at 1155 (footnote omitted).  We explained that, "[f]or conditional

pleas, [government] consent is not a neutral attitude" and that "consent in the Rule

means express approval: direct assent requiring no inference or implication.  Put

differently, . . . for Rule 11 purposes, silence or inaction by the government is not

consent."  Id. at 1156.  Thus, in Pierre, we held that the government did not

consent to the entry of a conditional plea where the government remained silent

when defense counsel stated that his client's speedy-trial issue raised in a motion to

dismiss was preserved for appeal.  Id. at 1155-56.  We vacated Pierre's conviction,

holding that Pierre's guilty plea did not satisfy the Rule 11 core concern that he

6

understand the consequences of his plea.  Id. at 1157.

### III.

It is clear from the record, and the government concedes, that Ochoa's intention to preserve his suppression issues for appeal was never reduced to writing.  Thus, it appears that Ochoa's plea fails to qualify as a conditional plea under Rule 11(a)(2).  See Fed.R.Crim.P. 11(a)(2).  Even if written consent is not required by Rule 11(a)(2), see Pierre, 120 F.3d at 1155, there is no indication in the record that the government agreed to the entry of a conditional plea.  See Fed.R.Crim.P. 11(a)(2).  During the plea hearing, the government never explicitly stated that the parties had agreed to the entry of a conditional plea.  In fact, when the parties were discussing Ochoa's objections to the government's account of his arrest and the search of his apartment, the government noted that "there is disagreement about the arrest and some other things," but it never specifically stated that it had agreed to the entry of a conditional plea so that these issues would be preserved for appeal.  Defense counsel later stated that Ochoa "intend[ed] to appeal the denial of the motion to suppress," but the government did not acknowledge that the plea was conditional or expressly consent to it being conditional.  See Pierre, 120 F.3d at 1156 ("for Rule 11 purposes, silence or

7

inaction by the government is not consent"). Because we have previously held that the government's consent to the entry of a conditional plea must be express, and because there is no evidence on the record of any express consent by the government, Ochoa's guilty plea did not meet the requirements of Rule 11(a)(2), and, therefore, was not conditional. See Fed.R.Crim.P. 11(a)(2); Pierre, 120 F.3d at 1155-56.

The government, on appeal, asserts that Ochoa's guilty plea should be construed as a conditional plea, because, during plea negotiations, it consented to the entry of a conditional plea. However, Rule 11(a)(2) and our precedent indicate that the government's consent must be evidenced in writing or by statements made on the record. See Fed.R.Crim.P. 11(a)(2); Pierre, 120 F.3d at 1155-56. Furthermore, the language of Rule 11(a)(2) focuses on district court proceedings, stating that both the court and the government must consent to the entry of a conditional plea before such a plea can be entered. See Fed.R.Crim.P. 11(a)(2). Because these requirements were not met here, a conditional plea was not validly entered.

The government also argues that Rule 11(h) should apply, and that the failure to meet the technical requirements of Rule 11(a)(2) should be determined to be harmless error. We have not applied Rule 11(h)'s harmless-error standard to a

plea that failed to comply with Rule 11(a)(2)'s requirements, and in <u>Pierre</u> we indicated a reluctance to apply Rule 11(h) to excuse non-compliance with Rule 11(a)(2)'s writing requirement, providing:

> Although this failure [to comply with Rule 11(a)(2)'s writing requirement] has been more readily excused as a formality that can be forgiven under the harmless error provision of the rule . . . the Advisory Committee Notes to the rule indicate that the writing requirement is intended to be enforced:
>
> The requirement that the conditional plea be made by the defendant "reserving in writing the right to appeal from the adverse determination of any specified pretrial motion," . . . will ensure careful attention to any conditional plea. . . . By requiring this added step, it will be possible to avoid entry of a conditional plea without the considered acquiescence of the government . . . .

<u>Pierre</u>, 120 F.3d at 1155 n.2 (citing Fed.R.Crim.P. 11(a)(2)). We also have noted that "Rule 11(h) should not be read as nullifying the Rule's safeguards or as inviting courts to take a more casual approach to proceedings under the Rule." <u>United States v. Zickert</u>, 955 F.2d 665, 668 (11th Cir. 1992). Here, Ochoa's guilty plea wholly failed to comply with the requirements of Rule 11(a)(2). The government's consent to a conditional guilty plea was not reduced to writing and was not otherwise obvious from the district court record. Accordingly, we construe his plea as an unconditional guilty plea.

Although Ochoa's guilty plea was unconditional, the record shows that

9

Ochoa entered his guilty plea under the mistaken assumption that he would be permitted to appeal the denial of his motion to suppress. As the government concedes, Ochoa did not understand the consequences of entering an unconditional guilty plea, such that the core concerns of Rule 11 were not satisfied. <u>See</u> <u>Siegel</u>, 102 F.3d at 481; <u>Pierre</u>, 120 F.3d at 1157. Therefore, his plea was not entered knowingly and voluntarily and was invalid. <u>See</u> <u>Siegel</u>, 102 F.3d at 481; <u>Pierre</u>, 120 F.3d at 1157. Accordingly, based on our review of the record and consideration of the parties' briefs, we vacate Ochoa's conviction and remand to the district court to allow him to plea anew.

      **VACATED and REMANDED.**