**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5078**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEONES LESANE,

        Defendant - Appellant.

———————

**No. 11-5079**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARCUS GOODMAN,

        Defendant - Appellant.

———————

Appeals from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., District Judge. (3:09-cr-00392-JFA-1; 3:09-cr-00392-JFA-2)

———————

Submitted: November 1, 2012    Decided: November 15, 2012

———————

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed in part, vacated in part and remanded by unpublished per curiam opinion.

———————————

Cameron B. Littlejohn, Jr., Columbia, South Carolina; William W. Watkins, Sr., Columbia, South Carolina, for Appellants.  William N. Nettles, United States Attorney, William K. Witherspoon, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leones Lesane appeals from his conviction following a guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). Lesane's codefendant, Marcus Goodman, appeals from his conviction following a guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). Their appeals were consolidated. Both Goodman and Lesane challenge the district court's denial of their motion to suppress evidence obtained incident to their arrests and the qualification of the Government's agent as a potential expert witness. Goodman also claims that the district court erred in finding him to be in breach of his proffer agreement with the Government.

Following our review of the record, we directed supplemental briefing on the validity of Goodman's and Lesane's respective guilty pleas. The parties have now submitted their supplemental briefs, and the appeal is ripe for consideration. For the following reasons, we affirm Lesane's conviction and sentence. However, we vacate Goodman's conviction and remand for further proceedings consistent with this opinion.

I.

Validity of pleas

We first examine whether Goodman's and Lesane's guilty pleas are valid and properly preserved the issues Appellants seek to raise on appeal.

A. Goodman

We conclude that Goodman's plea failed to comply with Rule 11(a)(2), which requires that a valid conditional guilty plea be in writing, affirmatively consented to by the Government, and approved by the district court. United States v. Bundy, 392 F.3d 641, 645 (4th Cir. 2004). Although the writing requirement may be excused when the record otherwise clearly indicates the issues a defendant seeks to preserve, the Government's and the court's approval are indispensable. See id. Further, in the absence of language evincing Government consent in a written plea agreement, Rule 11(a)(2) requires an affirmative display of agreement to a defendant's conditional plea; assent should not be inferred from the Government's silence or inaction. Id.

Here, although the district court clearly approved Goodman's conditional plea during the Rule 11 hearing, the Government made no comment, approving or otherwise. Such silence from the Government, despite Government counsel's

4

presence at Goodman's Rule 11 hearing and lack of objection to the conditional nature of the plea, is simply not sufficient to satisfy Rule 11(a)(2), thus rendering Goodman's conditional plea invalid. Consequently, and because it would be improper to consider Goodman's failed conditional plea as a knowing and voluntary unconditional plea, we vacate his judgment of conviction and remand to allow Goodman to reconsider whether, in light of our decision, he desires to enter a plea of guilty or proceed to trial. See id. at 649.

## B. Lesane

Despite initial disagreement, the parties now agree that Lesane's plea properly preserved an appeal from the denial of his motion to suppress. Because both the Government and the district court made express statements during Lesane's Rule 11 hearing clearly indicating to him that he would be able to note such an appeal, we conclude that Lesane may appeal from the denial of his suppression motion. See United States v. Wood, 378 F.3d 342, 347-50 (4th Cir. 2004) ("[W]here a district court's mischaracterization of a material term is sufficiently pervasive to alter a defendant's understanding of the terms of his plea, the Government's affirmative acquiescence in the court's explanation can serve to modify the terms of the plea agreement."); United States v. Martin, 25 F.3d 211, 217 (4th

5

Cir. 1994). Lesane did not, however, properly preserve an appeal from the district court's qualification of the Government's agent as an expert, and therefore, he has waived appellate review of the issue. See Bundy, 392 F.3d at 645.

## II.

### Denial of motion to suppress

Turning to the denial of Lesane's motion to suppress, we review for clear error the factual findings underlying the district court's ruling and the court's legal conclusions de novo. United States v. Foster, 634 F.3d 243, 246 (4th Cir. 2011). We construe the evidence in the light most favorable to the Government, the prevailing party below. Id.

### A. Lesane's seizure

Lesane first claims that his initial seizure, although admittedly supported by a reasonable articulable suspicion of criminal activity sufficient to justify a Terry[1] stop, went well beyond a brief, investigatory detention, and amounted from the outset to a full custodial arrest, unsupported by probable cause. See Devenpeck v. Alford, 543 U.S. 146, 152 (2004) (noting that warrantless arrest must be supported by probable

---

[1] Terry v. Ohio, 392 U.S. 1, 22 (1968).

cause). However, Lesane misinterprets the breadth of an officer's authority in conducting a lawful Terry stop.

"Brief stops in order to determine the identity of a suspicious individual or to maintain the status quo while obtaining more information are permitted if reasonable in light of the facts known to the officers at the time." United States v. Perate, 719 F.2d 706, 709 (4th Cir. 1983). During a Terry stop, an officer may take actions that are reasonably necessary to assure his safety and effectuate the investigatory purpose of the stop. United States v. Hensley, 469 U.S. 221, 235 (1985); United States v. Leshuk, 65 F.3d 1105, 1109 (4th Cir. 1995). Accordingly, we have repeatedly found that, in situations in which officers are forced to approach a vehicle in a high crime area that contains persons suspected of being involved with the distribution of narcotics, it is certainly reasonable for those officers to perceive a possible threat to their safety, draw their weapons when approaching the vehicle, order the occupants to exit, and perform a protective frisk of those occupants, all without elevating the seizure to a full custodial arrest. See United States v. Rooks, 596 F.3d 204, 210 (4th Cir. 2010); United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998); United States v. Stanfield, 109 F.3d 976, 984 (4th Cir. 1997); Perate, 703 F.2d at 709.

7

Similarly, the fact that Lesane was immediately handcuffed and was not free to leave did not convert his initial seizure into a full arrest. See United States v. Elston, 479 F.3d 314, 319-20 (4th Cir. 2007). The distinction between a Terry stop and an arrest is marked by the fact that a Terry stop must last no longer and be no more intrusive than is necessary to confirm or dispel the seizing officer's suspicions, not by a suspect's impression that he is unable to leave the officer's presence. Id. Accordingly, on the reasonable belief that a suspect may be dangerous, as justified in situations involving narcotics, an officer may apply handcuffs to mitigate that risk while effectuating a Terry stop. See United States v. Newell, 596 F.3d 876, 879-80 (8th Cir. 2010) (approving use of handcuffs in a Terry stop).

Moreover, as to the duration of Lesane's initial detention, the five-minute period during which he was handcuffed before his attempted flight was clearly not longer than necessary for the officers to confirm or dispel their suspicion that Lesane might be involved in the distribution of narcotics. See United States v. Sharpe, 470 U.S. 675, 686 (1985).

Here, Lesane does not contend that his seizure was unreasonably delayed, and, considering circumstances analogous to those at issue here, we have found periods of detention far

8

longer than five minutes to be constitutional. See, e.g., United States v. McFarley, 991 F.2d 1188, 1193-94 (4th Cir. 1993) (upholding 38-minute detention). Accordingly, the district court correctly held that Lesane's seizure did not ripen into a full custodial arrest until after he attempted to flee the officers' custody.

B. Search of pickup truck

Lesane also argues that no exception to the warrant requirement permitted the subsequent search of the pickup truck that he and Goodman occupied immediately before their arrest. We disagree with Lesane's argument.

A police officer may make a warrantless arrest as long as he has probable cause to do so. United States v. Williams, 10 F.3d 1070, 1073 (4th Cir. 1993). Probable cause is present when the "facts and circumstances within the officer's knowledge" are enough to justify a prudent person's belief "that the suspect has committed, is committing, or is about to commit an offense."[2] Id. (internal quotation marks omitted).

_____

[2] The fact that Lesane was arrested for interfering with a police investigation does not negate the fact that officers may also have had probable cause to arrest him for a narcotics offense. See Devenpeck, 543 U.S. at 154-55; United States v. McNeill, 484 F.3d 301, 311 (4th Cir. 2007).

9

Here, while officers were conducting a lawful Terry stop, Lesane attempted to flee. Even disregarding Lesane's subsequent incriminating statements, we conclude that such circumstances presented probable cause to support Lesane's warrantless arrest on suspicion that he might be possessing or distributing narcotics. See United States v. Laville, 480 F.3d 187, 195 (3d Cir. 2007); United States v. Velazquez-Rivera, 366 F.3d 661, 664 (8th Cir. 2004); United States v. Dotson, 49 F.3d 227, 231 (6th Cir. 1995).

Incident to this lawful arrest, officers were permitted to conduct a warrantless search of the vehicle from which they seized Lesane so long as they had reason to believe that the vehicle might contain evidence relevant to his commission of a narcotics offense.[3] See Arizona v. Gant, 556 U.S. 332, 351 (2009). Because the circumstance here was sufficient to support such a belief, the district court did not err in so finding and denying the motion to suppress. See United States v. Vinton, 594 F.3d 14, 25 (D.C. Cir. 2010).

Based on the foregoing, we affirm Lesane's conviction and sentence, but vacate Goodman's judgment of conviction and

---

[3] We assume without deciding that Lesane has standing to challenge the search of the vehicle, a point that is not clear from the district court's record.

remand his case for proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED IN PART;
AND REMANDED