**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4041**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

    v.

ROBERT LEON LECRAFT,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:10-cr-00021-FL-1)

Submitted:  October 9, 2013          Decided:  October 24, 2013

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Nardine Mary Guirguis, GUIRGUIS LAW, PA, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Yvonne V. Watford-McKinney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Leon LeCraft pled guilty to possession of a firearm by a convicted felon. See 18 U.S.C. § 922(g). Pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure, LeCraft expressly conditioned the plea on his right to appeal the district court's order denying his pretrial suppression motion. See J.A. 270. The court thereafter sentenced LeCraft to a 180-month imprisonment term. In this appeal, LeCraft argues that the court erred by denying his suppression motion and his pre-sentencing motion to substitute counsel. Further, he argues that his ability to pursue the appeal is prejudicially affected by the unavailability of his Rule 11 plea hearing transcript.[1] For the reasons set forth below, we vacate the judgment and remand for further proceedings.

Rule 59(b) of the Federal Rules of Criminal Procedure authorizes referral of a pretrial suppression motion to a magistrate judge for a recommendation, and it instructs that a party who fails to object to such a recommendation waives the

---

[1]Post-sentencing, the parties discovered that a transcript of the guilty plea hearing is unavailable. In March 2013, we issued an order remanding the case to the district court for the limited purpose of settling and approving the record as provided in Federal Rule of Appellate Procedure 10(c). See J.A. 252-53. After conducting its review, the court adopted in its entirety the government's statement concerning the Rule 11 hearing and adopted LeCraft's statement in part. See J.A. 264-269.

right to review. See, e.g., United States v. Midgette, 478 F.3d 616, 621-22 (4th Cir. 2007) (holding that the defendant waived appellate review of the denial of his suppression motion by failing to file proper objections to the magistrate's report).[2] As we explained in Midgette, "[t]he requirement to make objections preserves the district court's role as the primary supervisor of magistrate judges, and conserves judicial resources by training the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." Id. at 621 (citation omitted).

The district court referred LeCraft's pretrial suppression motion to a magistrate judge for an evidentiary hearing. The magistrate judge conducted the hearing and filed a Memorandum and Recommendation ("M&R") in which he recommended denying the motion. See J.A. 25-137 (hearing transcript), 138-152 (M&R). The magistrate judge expressly noted in the M&R that either party had 14 days to file written objections and warned them of the consequences of failing to do so, see J.A. 151, and the district clerk of court – citing Rule 59(b) - attached a similar notice to the M&R, see J.A. 152. Both notices expressly informed the

---

[2]The waiver doctrine also arises from our cases interpreting 28 U.S.C. § 636(b). See Midgette, 478 F.3d at 621.

3

parties that a failure to object to the M&R could affect their ability to appeal a judgment based on the magistrate's findings and recommendation. LeCraft, who was represented by counsel, failed to file written objections to the M&R within the allotted time period. See J.A. 153. Finding no clear error with the recommendations of the magistrate judge, the court adopted the M&R and denied the motion. See J.A. 153-166.

LeCraft thereafter conditionally pled guilty, reserving the right to appeal the order denying the suppression motion. Unfortunately, LeCraft's purported reservation of the right to appeal the suppression order is illusory because by the time he entered the conditional plea agreement he had already waived the right to seek appellate review of that order by failing to file objections to the M&R.

We faced a circumstance identical to the one presented here in United States v. Cagle, 314 Fed. Appx. 617 (4th Cir. 2009). Like LeCraft, Cagle failed to file objections to the magistrate's recommendation that his suppression motion be denied, but after the district court adopted the recommendation, Cagle entered a conditional guilty plea and challenged the suppression order on appeal. Applying the waiver rule noted above, we held that Cagle waived his right to appeal the suppression order, and we affirmed the conviction and sentence. See also United States v. Buckbee, 3 Fed. Appx. 563 (7th Cir.

4

2001) (same).  Although not binding, our unpublished disposition in Cagle suggests that we should decline to consider LeCraft's challenge to the suppression order and proceed to consider the other issues of the appeal.

However, in United States v. Bundy, 392 F.3d 641, 649-50 (4th Cir. 2004), we held that when a defendant enters a conditional plea based on the mistaken belief that he is preserving an issue for review that, in fact, is not reviewable by means of a conditional plea, no valid plea has been entered, and the proper course is to vacate the judgment and remand the case to the district court to allow the defendant to either plead guilty again or proceed to trial. Bundy is not exactly on point because although the defendant there attempted to preserve an issue that was improper for conditional plea purposes, he could nonetheless eventually appeal the issue if he chose on remand to proceed to trial. Here, LeCraft has already waived the right to appeal the denial of his pretrial suppression motion by failing to file objections to the M&R, and he cannot resurrect his right to seek appellate review of the pretrial suppression order by proceeding to trial. See United States v. Flores-Duran, 2013 WL 3286248 (4th Cir. July 1, 2013) (holding that the defendant who was convicted after trial waived the right to

appeal the denial of his pretrial suppression motion by failing to object to the magistrate's recommendation).[3]

Notwithstanding this minor difference, we have carefully considered this matter, and we find that the best course under the circumstances presented is to follow <u>Bundy</u> and vacate the judgment. LeCraft's plea is specifically premised on his, the government's, and the district court's mistaken belief concerning his appellate rights, and it cannot be treated as a knowing and voluntary unconditional plea. <u>See</u> <u>Bundy</u>, 392 F.3d at 649-50. We believe that a remand for further proceedings is especially appropriate because of the unavailability of, and the appellate dispute concerning, the Rule 11 transcript. On remand, LeCraft should be permitted to enter another guilty plea (which is not conditioned on his right to appeal the pretrial suppression order) or proceed to trial.[4]

<u>VACATED AND REMANDED</u>

---

[3]We note, however, that LeCraft may be able to renew the suppression issue if he proceeds to trial. <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 678 n.6 (1980).

[4]We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.