**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4878**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TORRICK JOHNTRELLE RODGERS, a/k/a Trelle,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Louise W. Flanagan,
District Judge.  (4:11-cr-00087-FL-1)

_____

Argued:  December 11, 2014          Decided:  December 23, 2014

_____

Before MOTZ and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED:** Elisa Cyre Salmon, SALMON & GILMORE, LLP, Lillington,
North Carolina, for Appellant.  Joshua L. Rogers, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.
**ON BRIEF:** Thomas G. Walker, United States Attorney, Jennifer P.
May-Parker, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Torrick Johntrelle Rodgers pled guilty, without a plea agreement, to several counts involving the distribution and possession of cocaine and cocaine base. The district court then sentenced him to incarceration for 211 months. Rodgers appeals, contending that his plea was not knowing and voluntary, and that the district court erred in denying his motion to suppress.[1] For the reasons that follow, we affirm.

I.

On December 3, 2010, the Government sought and was granted a search warrant for Rodgers' home in Farmville, North Carolina. The application was based on two years of investigation and surveillance, and included evidence obtained from two trash pulls conducted at Rodgers' home on November 24, 2010 and December 3, 2010.

While executing the warrant on the evening of December 3, law enforcement officers seized from the home cocaine, cocaine

---

[1] Because we conclude that Rodgers did not enter a conditional guilty plea, we do not review the district court's denial of his motion to suppress. See Fed. R. Crim. P. 11(a)(2); United States v. Abramski, 706 F.3d 307, 314 (4th Cir.), cert. granted, 134 S. Ct. 421 (2013), and aff'd, 2014 WL 2676779 (June 16, 2014) ("[A]bsent a valid conditional guilty plea, we will dismiss a defendant's appeal from an adverse pretrial ruling on a non-jurisdictional issue.") (citation omitted).

2

base, marijuana, and a variety of drug paraphernalia. On August 10, 2011, Rodgers was indicted for one count of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; two counts of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1); and one count of possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1).

Rodgers moved to suppress evidence obtained during the search of his house on December 3, 2010. He argued that the Government produced insufficient evidence of probable cause for the search warrant. Rodgers contended that the evidence from trash pulls conducted on November 24 and December 3 should not be considered in determining probable cause because they constituted an unlawful intrusion into the curtilage of the home.

A federal magistrate judge held a hearing on the motion. At that hearing, the Government conceded that evidence from the November 24 trash pull should be excluded from consideration. But the Government contended that the December 3 trash pull had been from the curb, and that the warrant application still established probable cause without the November 24 evidence. The magistrate judge agreed and so recommended denying the motion. The magistrate found that the December 3 trash pull had

3

been from the curb, and held that, even excluding evidence obtained in the November 24 trash pull, probable cause supported the warrant application. The district court adopted the magistrate judge's findings and recommendation, and denied Rodgers' motion to suppress.

On April 18, 2012, Rodgers pled guilty, without a plea agreement, to all four counts in the indictment. After conducting a Rule 11 plea colloquy, the district court accepted the plea, determining that it was knowing and voluntary.

A probation officer prepared a presentence report, to which Rodgers objected. Following several amendments to the report and several continuances, the district court ultimately held the sentencing hearing on November 7, 2013. The court determined that the Guidelines range was 262 to 327 months on counts one and four, and that counts two and three carried a statutory maximum of 240 months. The court sentenced Rodgers to 211 months in prison, and five years' supervision and addiction counseling. Rodgers timely noted an appeal.[2]

---

[2] Rodgers has also filed a pro se motion for leave to submit a supplemental brief pursuant to Anders v. California, 386 U.S. 738 (1967). We deny the motion. Because Rodgers is represented by counsel who has filed a merits brief on his behalf, not a brief pursuant to Anders, he is not entitled to file a supplemental brief. See United States v. Penniegraft, 641 F.3d 566, 569 n.1 (4th Cir. 2011).

4

II.

Rodgers asserts that his unconditional guilty plea was not knowing and voluntary because he entered his plea under the mistaken assumption that he could pursue an appeal on the denial of his suppression motion. He does not claim that ineffective assistance of counsel or any Government promises caused his mistaken assumption. Rather, he asserts that the district court did so by erroneously advising him that he had not waived any appeal rights.

Because Rodgers challenges the validity of his plea for the first time on appeal, we review for plain error. United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir. 2002). Accordingly, Rodgers must show: (1) that an error occurred; (2) that was plain; (3) that affected his substantial rights; and (4) that affected the fairness, integrity, or public reputation of judicial proceedings. See United States v. Olano, 507 U.S. 725 (1993). To prove effect on his substantial rights, Rodgers must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

A.

When a defendant pleads guilty, he "forgoes not only a fair trial, but also other accompanying constitutional guarantees." United States v. Ruiz, 536 U.S. 622, 628 (2002) (citation

5

omitted).  A defendant who enters a valid unconditional plea waives all rights to challenge an adverse pretrial ruling on a non-jurisdictional issue.  Abramski, 706 F.3d at 314.  Thus, "direct review of an adverse ruling on a pretrial motion is only available if the defendant expressly preserves that right by entering a conditional guilty plea pursuant to Rule 11(a)(2)" of the Federal Rules of Criminal Procedure.  United States v. Bundy, 392 F.3d 641, 645 (4th Cir. 2004) (quotation and citation omitted).

A valid conditional plea under Rule 11(a)(2) "must be offered in writing," "must specify the adverse pretrial rulings that the defendant seeks to appeal," and "Government consent and court approval[] are mandatory and cannot be avoided."  Id. Both parties agree that Rodgers did not enter a conditional plea.  As Rodgers concedes, his plea was not in writing, he did not orally specify the suppression motion that he now seeks to appeal, and neither the Government nor the district court expressly approved the reservation of that particular appellate right.

"The alternatives to a conditional plea being entered are either that an unconditional plea has been entered or that no [valid] plea has been entered."  Id. at 649 (citation omitted). Thus, because Rodgers' plea was -- by its own terms and by

6

Rodgers' concession -- not conditional, the remaining inquiry is whether his plea was unconditional or invalid.

B.

For a guilty plea to be valid, the Constitution imposes "the minimum requirement that [the] plea be the voluntary expression of [the defendant's] own choice." Brady v. United States, 397 U.S. 742, 748 (1970). An unconditional plea must be entered "knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences." Bundy, 392 F.3d at 649 (citation omitted). "In evaluating the constitutional validity of a guilty plea, courts look to the totality of the circumstances surrounding [it], granting the defendant's solemn declaration of guilt a presumption of truthfulness." United States v. Moussaoui, 591 F.3d 263, 278 (4th Cir. 2010) (citation and internal quotations omitted).

Rodgers' principal assertion is that his plea was not knowing and voluntary because statements made by the district court led him to believe that he had retained a right to appellate review of the denial of his suppression motion. In so asserting, Rodgers relies primarily on the following statement made by the court during the Rule 11 hearing: "[T]here being no plea agreement but a determination to plead guilty, you haven't waived any of your appeal rights, but you're going to not have a trial if I accept your plea." We find no plain error in this

7

statement:  it was made by the district court <u>after</u> Rodgers had pled guilty.  Because Rodgers had not waived his appeal rights relating to jurisdictional or sentencing issues by pleading guilty, the court's statement was accurate.

Further, Rule 11 "does not require a district court to inform a defendant that, by pleading guilty, he is waiving his right to appeal any antecedent rulings or constitutional violations." <u>United States v. White</u>, 366 F.3d 291, 299 n.6 (4th Cir. 2004) (alterations and citation omitted).  A knowing and voluntary plea "does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor." <u>Ruiz</u>, 536 U.S. at 630.  To the extent that Rodgers labored under a misapprehension about preservation of appellate review of his suppression motion, the district court's statements at best confirmed, in Rodgers' mind, those misapprehensions -- they did not give rise to Rodgers' misconceptions.[3]

---

[3] Rodgers also relies on statements made by the court and by his counsel <u>at sentencing</u> to argue that he was unaware that he had waived his right to appeal the denial of his suppression motion when entering his guilty plea. Appellant Br. 17-18.  But these statements were made months after Rodgers had already entered his unconditional guilty plea.  Thus, the statements could not have motivated him in entering the plea. Moreover, if
(Continued)

C.

Finally, Rodgers contends that, under Bundy, a court will not treat an unconditional guilty plea as voluntary if a defendant mistakenly enters it believing he has preserved appellate rights, when in fact he has not. Appellant Br. 15. Bundy does not stand for this broad proposition.

In that case, a defendant entered a conditional guilty plea that comported fully with the requirements of Rule 11(a)(2). However, we held that only case-dispositive issues could be preserved in a conditional plea. Only two of the three issues preserved in Bundy's conditional plea were case-dispositive. We concluded that the non-case-dispositive issue could not be separated from the two case-dispositive ones, and that the presence of one non-case-dispositive issue rendered the entire conditional plea invalid. Bundy, 392 F.3d at 649. Thus, we further held that although Bundy's conditional plea was not valid, it could not be treated as an unconditional plea either. Thus, we reasoned that since the district court "accepted Bundy's plea as a conditional plea[,] [b]ased on this record, we [could] not treat this plea as a knowing and voluntary unconditional plea." Id. at 649 (emphasis in original). Bundy

---

the court did plainly err by misadvising Rodgers -- and we do not find that it did -- Rodgers has not shown, and cannot show, that he would not have entered the plea but for such advice.

9

therefore establishes only that if a district court accepts a defendant's conditional plea, and that plea is later determined not to be valid, we will not treat the plea as unconditional.

That is not what happened here. Rodgers concedes that his plea was not conditional: It did not comport with the requirements of Rule 11(a)(2), he did not state that his plea was conditional at any point during his plea colloquy, and he did not expressly condition his oral plea on the preservation of appellate review of any issues. Because the plea accepted by the district court in this case was unconditional, affirming that unconditional plea does not undermine the bargain Rodgers struck with the Government -- indeed, there is no bargain to undermine here, because there was no plea agreement.[4]

---

[4] Rodgers also relies on three unpublished cases to argue that a defendant who pleads guilty mistakenly believing he may challenge a pretrial motion on appeal does not enter a voluntary unconditional plea. See United States v. LeCraft, 544 Fed. App'x 185, 2013 WL 5754379 (4th Cir. 2013); United States v. LeSane, 498 Fed. App'x 363, 2012 WL 5519992 (4th Cir. 2012); and United States v. Ochoa, 353 Fed. App'x 390, 2009 WL 4049127 (11th Cir. 2009). Of course, none of these cases has precedential value. See United States v. Hood, 628 F.3d 669, 672 (4th Cir. 2010). Moreover, in each of them, unlike the case at hand, the defendant overtly conditioned his plea on the preservation of a particular issue for appeal.

IV.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.