**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-4411**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ROBERT LEON LECRAFT,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, District Judge.  (4:10-cr-00021-FL-1)

─────────────

Submitted:  March 30, 2016        Decided:  April 14, 2016

─────────────

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Richard Croutharmel, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Robert Leon LeCraft was convicted of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012).[1] The district court sentenced LeCraft to 180 months' imprisonment. LeCraft appeals his conviction, claiming that the district court erred by denying his motion to suppress evidence seized following a traffic stop. For the reasons that follow, we affirm.

"When considering a district court's denial of a motion to suppress, we review the [trial] court's factual findings for clear error and all legal conclusions de novo." United States v. Stover, 808 F.3d 991, 994 (4th Cir. 2015). Because the Government prevailed on the suppression issue below, we construe

---

[1] LeCraft initially pled guilty to the charge, pursuant to a plea agreement under which he reserved his right to appeal the district court's denial of his motion to suppress. However, by failing to file objections, LeCraft had waived appellate review of the district court's order adopting the magistrate judge's recommendation to deny the motion to suppress. Because the parties and the district court had mistakenly assumed that LeCraft could appeal the suppression decision, LeCraft's plea could not be treated as a knowing and voluntary unconditional guilty plea. Accordingly, this court vacated LeCraft's original criminal judgment and remanded for further proceedings, noting that LeCraft "may be able to renew the suppression issue if he proceeds to trial." United States v. LeCraft, 544 F. App'x 185 (4th Cir. 2013). Upon remand, LeCraft once again moved to suppress the evidence and, after an evidentiary hearing, the district court denied the motion. LeCraft proceeded to trial and was ultimately convicted.

"the evidence presented in the light most favorable to the [G]overnment." Id.

The Fourth Amendment protects citizens against unreasonable searches and seizures. U.S. Const. amend. IV. Warrantless searches are per se unreasonable, but "'there are a few specifically established and well-delineated exceptions to that general rule.'" United States v. Davis, 690 F.3d 226, 241-42 (4th Cir. 2012) (quoting City of Ontario v. Quon, 560 U.S. 746, 760 (2010) (internal quotation marks and citations omitted)). One such exception to the warrant requirement is the voluntary consent given by an individual possessing the authority to do so. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); United States v. Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). In this case, the district court found that the search was consensual.

"The [G]overnment has the burden of proving consent," and "[w]e review for clear error a district court's determination that a search [was] consensual . . . [and] apply a subjective test to analyze whether consent was given, looking to the totality of the circumstances." United States v. Robertson, 736 F.3d 677, 680 (4th Cir. 2013) (citations omitted). Courts examine such factors as the officer's conduct, the number of officers present, the time of the encounter, and the

3

characteristics of the individual who was searched.  <u>Lattimore</u>, 87 F.3d at 650.

LeCraft argues that he only consented to a search of his vehicle — not his person — and that his consent to the vehicle search was invalid because of the manner in which his consent was obtained and because he was detained beyond the completion of the valid traffic stop.

The district court observed that LeCraft was in his 60's and had extensive experience — both as a defendant and as an informant — in the criminal justice system.  As to the circumstances under which LeCraft gave consent, the record shows that Detective Marquie Morrison-Brown stopped LeCraft's vehicle for failing to stop at a stop sign, advised him why she had stopped him, issued a warning, handed back his driver's license, and briefly engaged in friendly conversation before requesting his consent to search.  Under the totality of the circumstances, the district court did not clearly err in finding LeCraft's consent to be consensual.

Turning to LeCraft's argument that the initially legal detention for the traffic stop was impermissibly prolonged, a temporary detention of an automobile, even if only for a limited time or purpose, constitutes a Fourth Amendment seizure.  <u>Whren v. United States</u>, 517 U.S. 806, 809-10 (1996).  Because a routine traffic stop is more like an investigative detention

4

than a custodial arrest, courts evaluate the legality of a traffic stop by applying the two-prong test in Terry v. Ohio, 392 U.S. 1 (1968). United States v. Green, 740 F.3d 275, 279 (4th Cir. 2014). Under this test, the police officer's decision to stop the vehicle must be both "justified at its inception" and sufficiently "limited both in scope and duration." United States v. Digiovanni, 650 F.3d 498, 506-07 (4th Cir. 2011). A routine traffic stop involves requesting the driver's license and registration, running a computer check, and issuing a citation. Green, 740 F.3d at 280. A traffic stop "become[s] unlawful if it is prolonged beyond the time reasonably required to complete th[e] mission of issuing a warning ticket." Rodriguez v. United States, 135 S. Ct 1609, 1614-15 (2015) (internal quotation marks omitted; alterations in original). Therefore, to lawfully "extend the detention of a motorist beyond the time necessary to accomplish a traffic stop's purpose, the authorities must either possess 'reasonable suspicion or receive the driver's consent.'" United States v. Williams, 808 F.3d 238, 245-46 (4th Cir. 2015) (quoting Digiovanni, 650 F.3d at 507).

In this case, as LeCraft concedes, Morrison-Brown was justified in stopping him for a traffic violation. However, the traffic stop ended when the officer issued the warning citation and returned LeCraft's driver's license and registration.

5

<u>Arizona v. Johnson</u>, 555 U.S. 323, 333 (2009). Viewing the evidence presented in the light most favorable to the Government, no more than five minutes transpired between the initial stop and LeCraft's consent to search. Within this brief time frame, after the traffic stop ended and before the officer asked for permission to search, she and LeCraft engaged in friendly conversation. We conclude that the continued encounter, culminating in LeCraft's consent to search, was consensual and, therefore, was constitutionally permissible.

LeCraft also argues that the district court erred in finding that he consented to a search of his person. LeCraft points to the fact that the written police reports stated only that Morrison-Brown requested permission to search LeCraft's vehicle and contends that this contradicts Morrison-Brown's testimony that she requested, and LeCraft gave, permission to search both his vehicle and person. However, at the first evidentiary hearing, Morrison-Brown explained that she had in fact requested to search LeCraft's person and simply omitted it from her notes through an oversight.

In finding that LeCraft consented to the search, the district court credited Morrison-Brown's testimonial explanation for the seeming discrepancy between her written report of the traffic stop and her later account at the evidentiary hearing. Credibility of witnesses is the sole province of the factfinder.

Cf. United States v. Moye, 454 F.3d 390, 396 (4th Cir. 2006) ("[I]t was for the jury, not this court, to decide which version of the events - the [G]overnment's or Moye's - was more credible."); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (recognizing that witness credibility is within the sole province of the jury and the appellate court will not reassess the credibility of testimony). We conclude that the district court did not clearly err in finding that LeCraft consented to the search of his person.

Even assuming arguendo that LeCraft's valid consent to search extended only to his vehicle and not to his person, upon stepping out of his vehicle so that the two officers on the scene could perform the consensual search, instead of following Morrison-Brown's instructions to go to the back of his vehicle, LeCraft walked past his vehicle at an unusually quick pace. Combined with LeCraft's initial failure to immediately pull over when the patrol car's blue lights were activated and the officers' knowledge of his criminal history, which included drugs and weapons, we conclude that the officers had reasonable suspicion that criminal activity was afoot and, therefore, were legally permitted to search his person.

Finally, LeCraft appears to challenge the denial of the motion to suppress his subsequent in-custody remark to an officer that he only possessed the firearm for protection,

7

arguing that the statement did not "purge the taint" of the earlier alleged Fourth Amendment violation. As previously stated, we conclude that there was no Fourth Amendment violation. Furthermore, we conclude that the district court did not clearly err in finding that LeCraft's incriminating remark at the police station was not made in response to law enforcement interrogation and therefore did not violate his Miranda[2] rights. Rhodes v. Innis, 446 U.S. 291, 300-31 (1980).

Accordingly, we affirm LeCraft's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).