IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEANGELO MCGLOTTEN, | § | |
| | § | No. 205, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1605003418 (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 30, 2025
Decided: December 30, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Deangelo McGlotten, filed this appeal from the Superior Court's denial of a motion under Superior Court Rule of Criminal Procedure 35. The State has moved to affirm the judgment below on the ground that it is manifest on the face of McGlotten's opening brief that his appeal is without merit. We agree and affirm.

(2) On November 9, 2017, McGlotten resolved numerous drug- and weapon-related charges by pleading guilty to racketeering, possession of a firearm by a person prohibited, and drug dealing in a Tier II quantity. The Superior Court

sentenced McGlotten, consistent with the plea agreement, to an aggregate of twelve years of non-suspended prison time, followed by probation. Also, as set forth in the plea agreement and discussed with McGlotten during the plea colloquy, the court ordered McGlotten to pay $75,000 in restitution to the Delaware State Police Crime Reduction Fund.

(3) In March 2025, McGlotten filed a motion challenging the restitution requirement based on the Eighth Amendment's prohibition on excessive fines.[1] The Superior Court denied the motion, and McGlotten has appealed.

(4) We review the denial of a motion for correction of sentence for abuse of discretion.[2] To the extent the claim involves a question of law, we review the claim *de novo*.[3] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4]

(5) McGlotten contends that the $75,000 restitution payment is an "excessive fine" within the meaning of the Eighth Amendment and that it violates

---

[1] *See* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").
[2] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[3] *Id.*
[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

due process because it lacks justification.  McGlotten's appeal is without merit.  First, McGlotten specifically agreed to the $75,000 restitution payment as part of the negotiated plea agreement and acknowledged that requirement during the plea colloquy.[5]  He cannot now claim that the payment is either a "fine" or "excessive."[6]  Second, setting aside whether the payment is a "fine" under the Eighth Amendment, we conclude that the amount is not "excessive."  McGlotten was accused of leading an extensive heroin-distribution ring in Sussex County for more than two years, the investigation and prosecution of which resulted in substantial costs to law-enforcement agencies.  Having pleaded guilty to racketeering and other offenses arising from that criminal enterprise, McGlotten has not shown that the restitution payment to which he agreed is grossly disproportionate to his offenses.[7]

---

[5] *See State v. McGlotten*, Transcript of Plea Colloquy, at 17:17-20 (Court: "And you have to pay $75,000 of restitution to the Delaware State Police Crime Reduction Fund.  Do you understand that?"  The Defendant:  "Sir, yes, sir.").

[6] *See United States v. Buckbee*, 3 Fed. Appx. 563, 564 (7th Cir. 2001) (holding that a challenge to a forfeiture requirement under the Excessive Fines Clause would be frivolous because the defendant "waived any excessive fines claim by agreeing to forfeit 50% of the net proceeds from the sale of his property" as part of his plea agreement).

[7] *See Benton v. State*, 711 A.2d 792, 799-800 (Del. 1998) (considering a restitution order and determining that, even if it constituted "a 'fine' within the meaning of the Excessive Fines Clause of the Eighth Amendment," the restitution amount was not "grossly disproportionate" to the defendant's offense) (discussing *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)).

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Chief Justice